PETER WAINWRIGHT & another *vs.* S. SALISBURY TUCKER-
MAN & others.

Suffolk.   Nov. 17, 1875.   March 18. — April 18, 1876.   COLT & LORD,
JJ., absent.

Where legacies are given to the same person by different instruments, the general
rule is that the second is to be treated as additional to the first, in the absence of
anything signifying a different intention; but the apparent intention of the testator
must govern.

A will contained a bequest of $5000 to A. in trust, to pay the income to C. for life,
and after his death to convey the principal in equal shares to his wife and daugh-
·ter; a devise of a house in G. to C.'s wife for life, with remainder to her issue;
a pecuniary legacy to a servant; and a residuary devise and bequest to other per-
sons. By a codicil the testator bequeathed $7000 to A. and B. in trust to pay the
income to C., with no provision as to the remainder after his death, and devised
the house in G. to him, and gave to the servant named in the will " $200 addi-
tional, making in all $1000." *Held,* that the bequest of $5000 in the will was
wholly revoked by the codicil; that C. was entitled to the income of $7000 only;
and that the residue of that sum, after his death, would go to the residuary legatees.

BILL IN EQUITY by the executors of the will of Rebecca Lee,
to obtain the instructions of the court.

The will was dated July 25, 1867, and contained, besides other
provisions not material to be stated, the following:

" 16. I give and bequeath to John F. Tuckerman the sum of
five thousand dollars, to hold to him, his executors, administra-
tors and assigns, in trust that he and they shall keep the same
invested in some safe manner likely to yield a regular income,
and shall pay the net income thereof, as it accrues, to his brother
S. Salisbury Tuckerman, during said Salisbury's natural life,
and after his death in trust that the said trustee or trustees for
the time being shall pay and convey one half of the said sum of
five thousand dollars, however invested, to Laura Tuckerman,
wife of said Salisbury, and the other half to his daughter Re-
becca Lee Tuckerman; I direct that the said John F. Tucker-
man be not required to give any surety to his bond as trustee to
the judge of probate.

" 17. I give and devise the place in Gloucester, known as the
Lee Cottage, to said Laura Tuckerman, to hold to her during
her natural life; and after her death, I give the same in fee sim-
ple to such children and the issue of any deceased child or chil-

dren of said Laura as may survive her, children, if more than one, taking equal shares, and the issue of any deceased child taking its parent's share by representation."

"19. I give my faithful domestics, Maria Elliot and Alice Comnisky, three hundred dollars each, and I give an additional hundred dollars to each one of them who may be living with me at the time of my decease.".

"21. All the residue and remainder of the estate which I may leave at the time of my decease, of every description, real, personal and mixed, I give, devise and bequeath one half to my said niece Ellen Frances Lee, her heirs and assigns, and one quarter each to the said Jane F. King and Mary F. Tuckerman, their heirs and assigns."

On February 13, 1872, the testatrix made the following codicil : " I hereby give and bequeath to Alice Comnisky, in addition to the legacy mentioned in my will, in token of her faithful, kind and devoted services in my behalf, the sum of four hundred dollars."

On October 4, 1872, the testatrix made a second codicil as fol lows : " Circumstances in my family seem to render it necessary for me to add another codicil to my will. I wish seven thousand dollars ($7000) to be in the hands of J. F. Tuckerman, of Salem, and of G. Tuckerman, of New York, the interest of which to be paid to S. Salisbury Tuckerman semi-annually; the house in Gloucester, called Lee Cottage, also to S. S. Tuckerman; I also give to my faithful and kind nurse, Alice Comnisky, two hundred dollars additional, making in all one thousand dollars."

The will, with the two codicils, was admitted to probate on December 28, 1874. The question presented by the bill was whether the second codicil was intended to be cumulative and in addition to the provision made for S. Salisbury Tuckerman by the sixteenth clause of the will ; or was a substitute for that clause, and operated an entire or partial revocation thereof; there being ample property of the testatrix in the plaintiff's hands to pay all the legacies, whatever construction might be put upon the clauses in question.

The defendants all appeared and filed answers admitting the facts alleged in the bill, and the truth of the copies annexed. The answer of J. F. Tuckerman and G. Tuckerman disclaimed

all interest in the suit, and all intention of accepting the office of trustees, as given them in the will and codicil. The answer of S. Salisbury Tuckerman claimed that the gift to him of $7000 in trust, by the codicil, was in addition to, and not in revocation of, the gift of $5000 in trust, made by the will, and that both sums should be placed in trust for his benefit. The answer of Laura Tuckerman also claimed that the gift of $7000 was not in revocation of the gift of $5000, but that both amounts were given in trust. The answer of the minor, Rebecca Lee Tuckerman, by her guardian *ad litem*, duly appointed, submitted all her rights to the court. The answer of Ellen F. Lee, Jane F. King and Mary F. Tuckerman, the residuary legatees, claimed that the gift of $7000, made by the codicil, was in revocation of the gift of $5000 made by the will, and that the said sum of $7000 was to be kept in trust only for the life of S. Salisbury Tuckerman, and at his death should be paid to them as residuary legatees.

The counsel for all the parties signed and filed in the cause the following statement of facts :

" Miss Rebecca Lee, the testatrix, was a single lady of over eighty years of age, and at the time of her decease was, and for many years had been, a resident of Boston. Her only next of kin and heir at law was a niece, the defendant Ellen F. Lee, who has always resided in England. Her only relatives in this country were the defendants John F. Tuckerman, Gustavus Tuckerman, S. Salisbury Tuckerman, Jane F. King and Mary F. Tuckerman, together with Samuel Tuckerman, a legatee, but not a party to this suit, who were all children of a deceased cousin, and Rebecca Lee Tuckerman, minor daughter of S. Salisbury Tuckerman.

" John F. Tuckerman lived in Salem, Massachusetts ; Gustavus Tuckerman in New York ; Samuel Tuckerman, Jane F. King and Mary F. Tuckerman lived in Boston, the last named living with the testatrix for many years prior and up to the decease of the latter. At the date of the will, June 5, 1867, S. Salisbury Tuckerman and his family were residents in Gloucester, Massachusetts, living in the house owned by the testatrix, and called Lee Cottage in the will and codicil, and this continued to be his residence up to January, 1872. In this month his

wife, the defendant Mrs. Laura Tuckerman, sent word to one of his brothers that she had apprehensions that her husband was not sane, and that she was not safe while living with him, and requesting that steps be taken for his removal to a lunatic hospital. Such steps were taken, and he was in consequence so removed during the same month, after medical examination and due legal proceedings, on the petition of his wife, two of his brothers taking an active part with her in the same, and his other brother and both his sisters knowing of and not opposing it. Mr. Tuckerman submitted to the removal, but claimed then and since that there was no necessity therefor, and that his wife's apprehensions were pretended only, while she has constantly adhered to her first statements as to his insanity at that time, and as to the danger of her living with him. Mr. Tuckerman was confined at the hospital until August, 1872, when he was released at the request of certain of his brothers and sisters. During that confinement, and from the time of his release up to October 4, 1872, there was no communication, except once by letter and reply, between him and his wife, and since his release, up to said October 4, they have lived apart by the wish of both. That all of the above facts were known to the testatrix is agreed ; and so far as competent, they and the fact of her knowledge of them may be considered as proved."

The cause was heard and reserved for the consideration of the full court by *Devens*, J., upon the bill, answers, general replication, and the foregoing statement of facts, to be considered by the court so far as might be competent and material in aid of the construction of the will and codicils.

The case was argued at the bar in November, 1875, and decided in January, 1876. The wife and child of S. Salisbury Tuckerman moved for a rehearing, and arguments upon that motion were submitted in writing in March, 1876.

*J. Willard*, for S. S. Tuckerman. It is held or conceded in every case on the subject that a legacy given *simpliciter* by a codicil is cumulative on that in the will. *Hurst* v. *Beach*, 5 Madd. 351. *Suisse* v. *Lowther*, 2 Hare, 424. *Lee* v. *Pain*, 4 Hare, 201. *Roch* v. *Callen*, 6 Hare, 531. *Tweedale* v. *Tweedale*, 10 Sim. 453. This is a rule of construction, not of mere presumption, and can only be controlled by intrinsic evidence of

intent to substitute. *Lee* v. *Pain*, 4 Hare, 201, 216, *per* Wigram, V. C. *Hall* v. *Hill*, 1 Dru. & War. 94, 113, 116, 124, 132, *per* Lord Chancellor Sugden.

The rule, so precisely defined in *Hurst* v. *Beach*, *ubi supra*, was first laid down in *Masters* v. *Masters*, 1 P. Wms. 421, followed by *Ridges* v. *Morrison*, 1 Bro. Ch. 389, namely, that legacies by distinct instruments are cumulative even when of the same amount. In *Hooley* v. *Hatton*, 1 Bro. Ch. 390, note, the leading case, the rule was firmly settled by the opinion of the Chancellor, aided by the judges of the King's Bench and Exchequer. Thus legacies were held cumulative in *Curry* v. *Pile*, 2 Bro. Ch. 225, where the second legacy was larger, though given in the same instrument; in *Foy* v. *Foy*, 1 Cox Ch. 163; *Lord* v. *Sutcliffe*, 2 Sim. 273; and *Tweedale* v. *Tweedale*, *ubi supra*, where a larger legacy was given by codicil; and in *Baillie* v. *Butterfield*, 1 Cox Ch. 392, where the second gift was of the same amount in the codicil as in the will. The same rule was fully sustained in *Lee* v. *Pain*, and *Suisse* v. *Lowther*, *ubi supra*. In the latter case, no less than eight legacies to the same person were held cumulative because by different codicils, some containing the same, and others different amounts. In the former, a legacy in a codicil of the same amount as that in the will was held cumulative, though the same codicil expressly altered several other legacies.

The exceptions, or apparent exceptions, where the intrinsic evidence shows the second legacy to be substitutional, are reducible to a few well defined classes, in all of which there is the clearest intrinsic evidence of the identity of the two gifts.

1st. Where the same specific articles as are given in the will are again given in the codicil containing a second legacy of the same amount as the first, or the second legacy is for the same cause as well as amount and person as the first. *St. Albans* v. *Beauclerk*, 2 Atk. 636. *Jackson* v. *Jackson*, 2 Cox Ch. 35. *Coote* v. *Boyd*, 2 Bro. Ch. 521. *Currie* v. *Pye*, 17 Ves. 462. *Attorney General* v. *Harley*, 4 Madd. 263. *Hemming* v. *Gurrey*, 2 Sim. & Stu. 311. *Kidd* v. *North*, 14 Sim. 463. The force of the general expressions in *St. Albans* v. *Beauclerk*, *ubi supra*, are much shaken by *Hooley* v. *Hatton*, 1 Bro. Ch. 390, note, and *Lee* v. *Pain*, 4 Hare, 240, 242.

2d. Where the codicil, simply to define further gifts indefinitely specified in the will, repeats them, the same in amount, but in more express terms. *Moggridge* v. *Thackwell*, 3 Bro. Ch. 517. *Osborne* v. *Leeds*, 5 Ves. 369. *Fraser* v. *Byng*, 1 Russ. & Myl. 90. *Heming* v. *Clutterbuck*, 1 Bligh N. R. 479. *Tatham* v. *Drummond*, 33 L. J. (N. S.) 438. Or repeats them, omitting only those to persons deceased since the date of the will. *Barclay* v. *Wainwright*, 3 Ves. 462. *Gillespie* v. *Alexander*, 2 Sim. & Stu. 145.

3d. Where in the later instrument there are clear terms of revocation of the earlier gift. *Robley* v. *Robley*, 2 Beav. 95. *Russell* v. *Dickson*, 4 H. L. Cas. 293. The rule does not apply where the gifts are in the same instrument. *Garth* v. *Meyrick*, 1 Bro. Ch. 30. *Greenwood* v. *Greenwood*, 1 Bro. Ch. 30, note. *Holford* v. *Wood*, 4 Ves. 76. *Brine* v. *Ferrier*, 7 Sim. 549. *Yockney* v. *Hansard*, 3 Hare, 620, 622. *Heming* v. *Clutterbuck*, 1 Bligh N. S. 479. *Manning* v. *Thesiger*, 3 Myl. & K. 29. Or the second instrument is a mere contemporaneous duplicate of the first. *Whyte* v. *Whyte*, L. R. 17 Eq. 50. Or is itself a will superseding the first. *Robley* v. *Robley*, 2 Beav. 95. *Russell* v. *Dickson*, 4 H. L. Cas. 293.

Most of these exceptional cases are fully reviewed and commented on by Vice Chancellor Wigram in *Suisse* v. *Lowther* and *Lee* v. *Pain*, *ubi supra*, and by Sir Roundell Palmer, *arguendo*, in *Wilson* v. *O'Leary*, L. R. 7 Ch. 448. The construction of cumulation prevailed even where a second codicil gave "in addition to the will," omitting any reference to the first codicil ; and gifts by all these instruments were held cumulative. *Spire* v. *Smith*, 1 Beav. 419. *Watson* v. *Reed*, 5 Sim. 431.

The general rule has been held unimpaired to the very latest English cases. *Lobley* v. *Stocks*, 19 Beav. 392. *Johnstone* v. *Harrowby*, 1 De G., F. & J. 183. *Wilson* v. *O'Leary*, L. R. 7 Ch. 448. The American cases are uniformly to the same effect. *Dewitt* v. *Yates*, 10 Johns. 156. *Quincy* v. *Rogers*, 9 Cush. 291, 296. *Cunningham* v. *Spickler*, 4 Gill, 280.

While such is the rule, if the two gifts are given *simpliciter*, all circumstances of difference between the two gifts strengthens the construction of cumulation. *Suisse* v. *Lowther*, 2 Hare, 424. *Lee* v. *Pain*, 4 Hare, 223. *Hodges* v. *Peacock*, 3 Ves. 735,

*Strong* v. *Ingram*, 6 Sim. 197. *Wray* v. *Field*, 2 Russ. 257 *Mackenzie* v. *Mackenzie*, 2 Russ. 262. *Currie* v. *Pye*, 17 Ves. 462. *Attorney General* v. *George*, 8 Sim. 138. *Guy* v. *Sharp*, 1 Myl. & K. 589. *Radburn* v. *Jervis*, 3 Beav. 450.

In the present case, the testatrix herself, referring to a " change of circumstances," appoints two trustees by the codicil, where there was but one by the will, and makes no disposition of the remainder, whereas that by the will was expressed; and if the parol evidence is admissible and relevant, shows a new motive and a distinct intent to benefit the life tenant and him only.

*L. S. Tuckerman*, for the residuary legatees.

*C. A. Welch*, for Laura Tuckerman and Rebecca Lee Tuckerman.

GRAY, C. J.   When legacies are given by different instruments, the general rule is that the second is to be treated as additional to the first, in the absence of anything signifying a different intention; but in this, as in all other questions of construction of testamentary instruments, the apparent intention of the testator must be the guide of the court.   These elementary rules are generally recognized.   It is sufficient to refer to a few cases of the highest authority. *Hooley* v. *Hatton*, 1 Bro. Ch. 390, note; *S. C.* 2 Dick. 461; Lofft, 122. *Coote* v. *Boyd*, 2 Bro. Ch. 521. *James* v. *Semmens*, 2 H. Bl. 213. *Moggridge* v. *Thackwell*, 1 Ves. Jr. 464. *Heming* v. *Clutterbuck*, 1 Bligh N. R. 479. *Fraser* v. *Byng*, 1 Russ. & Myl. 90. *Russell* v. *Dickson*, 2 Dru. & War. 133; *S. C.* 4 Irish Eq. 339; 4 H. L. Cas. 293.

It would serve no useful purpose to review in detail the multitude of cases cited in the elaborate arguments at the bar.   All of them, on examination, are quite distinguishable from the case before us; and many of them, as justly observed by Lord Chancellor Sugden in *Russell* v. *Dickson*, above cited, show a disposition to get rid of the difficulty of determining the real meaning of the testator, by holding legacies to be cumulative, and thus to cut the knot rather than to untie it.

In the present case, the will contains a bequest of $5000 to John F. Tuckerman, in trust, to pay the income to S. Salisbury Tuckerman for life, and after his death to convey the principal in equal shares to his wife and daughter; a devise of the house in Gloucester to the wife for life, with remainder to her issue

and a residuary devise and bequest to other relations of the testatrix.

By the second codicil, the testatrix bequeaths $7000 to John F. Tuckerman and Gustavus Tuckerman, in trust, to pay the income to S. Salisbury Tuckerman, with no provision as to the remainder after his death; and devises the house in Gloucester to him.

The intention of the testatrix that the provisions of the second codicil should be a revocation of and substitute for the sixteenth and seventeenth clauses of the will is apparent, 1st, from the improbability that she would create for the benefit of S. Salisbury Tuckerman two distinct trusts of moderate sums, and differing only, so far as he is concerned, in adding a trustee in the second to the one named as sole trustee in the first; 2d, by the devise to S. Salisbury Tuckerman, in the codicil, of the house in Gloucester, which by the will had been devised to his wife and her issue, — thus necessarily, and without express words of revocation, superseding the devise in the will, because inconsistent therewith; 3d, by the fact, not of itself decisive, but entitled to some weight, that the legacy in the codicil to Alice Comnisky is most explicitly declared to be additional to the legacies previously given to her.

It is unnecessary to determine how far the facts agreed are to be taken into consideration; because, to say the least, there is nothing in them to weaken the conclusion required by the provisions of the instruments themselves.

It follows that the bequest of $5000 by the will must be held to have been wholly revoked by the second codicil; that S. Salisbury Tuckerman is entitled to the income of $7000 only; and that the residue of that sum after his death will go to the residuary legatees.                     *Decree accordingly.*