NATHAN CUSHING & another, trustees, *vs.* ELIZA T. BURRELL & others.

Suffolk. Nov. 23, 1883. — March 1, 1884. C. ALLEN & HOLMES, JJ., absent.

A testator directed the trustees under his will to pay out of the income of the estate annuities of $500 each to certain persons named, who were his nephews and nieces in the first degree, but were not designated as such, except that they were described as children of certain of his brothers and sisters. The will further provided as follows: "They [the trustees] shall annually divide and distribute the residue of the net income of said trust property and estate, which shall remain after the foregoing provisions of this trust have been fulfilled, among my nephews and nieces in the first degree, in such proportions, not however exceeding five hundred dollars to any one in the same year, so long as the whole of said income may be distributed by giving no larger sum to any one, however unequal, as my said trustees may deem expedient, so long as five of my said nephews and nieces shall survive." The will also provided that, " In all cases where I mention my nephews and nieces in this will, I intend to include N. and S. as fully as though they were not otherwise mentioned herein." *Held,* that all the nephews and nieces in the first degree were entitled to share in the residue of the net income in the manner specified, without regard to the fact that some of them had received specific annuities under the will; that no

more than $500 could be paid to any nephew or niece from the residue in any one year, until all the nephews and nieces had received that sum from the residue for that year; and that N. and S. were not entitled to specific annuities, but only to share in the residue. *Held, also,* that the income which accrued in the hands of the executor and was paid to the trustees was to be treated by them as income.

BILL IN EQUITY by the trustees under the will of Silas Peirce, to obtain the instructions of the court as to the construction of the eighth clause of the will of the testator.

By this clause the testator devised the residue of his property to his nephews Hayward P. Cushing, Nathan Cushing, and Silas Peirce 2d, in trust " that they shall pay to the children of my deceased brother Bailey Peirce, namely, Eliza Burrell, Sarah Cole, and Abby C. Peirce, to the children of my deceased sister Beckey Lincoln, namely, Betsey Peirce Donnelly and Hannah Jane Smith, to the children of my deceased brother Waldo Peirce, namely, Caroline Kelly and Silas Franklin Peirce, and to the children of my deceased brother Elijah Peirce, namely, Elijah Foster Peirce, Sarah Bailey Peirce, and Elizabeth Bourne Peirce, five hundred dollars each annually, during their respective lives; and that they shall annually divide and distribute the residue of the net income of said trust property and estate, which shall remain after the foregoing provisions of this trust have been fulfilled, among my nephews and nieces in the first degree, in such proportions, not however exceeding five hundred dollars to any one in the same year, so long as the whole of said income may be distributed by giving no larger sum to any one, however unequal, as my said trustees may deem expedient, so long as five of my said nephews and nieces shall survive; and, when only five of my nephews and nieces shall survive, my said trustees shall make proper provisions for their support and comfort during the residue of their lives respectively, and then sell all said trust property and estate, and divide and distribute the proceeds thereof among the issue of my said nephews and nieces, both of those living and dead, in such sums, amounts, or proportions, however unequal, as my said trustees shall deem expedient and proper. I thus commit the division and distribution of the said trust property and estate, both as it regards principal and the interest, so far as I have not given specific direction for its appropriation, entirely to the judgment and discretion of my said

trustees, because I desire that it shall be so used as to aid the most those who shall be the most in need of aid, and I cannot foresee what their respective wants may be, nor what their respective circumstances may require. I have full confidence that my said trustees will exercise prudence, discrimination, and sound judgment in the execution of their trusts, and that the purposes I have indicated in the disposition of my estates will be more nearly accomplished through their agency than they would be likely to be by any other means I can devise. In all cases where I mention my nephews and nieces in this will, I intend to include said Hayward P. Cushing, Nathan Cushing, and Silas Peirce 2d, as fully as though they were not otherwise named herein."

The bill alleged that Hayward P. Cushing died before the testator; that the testator, by a codicil to his will, directed that the other two trustees should have all the powers and rights, and discharge all the duties, which would have devolved upon the three trustees; and that the yearly income of the estate was sufficient to pay a larger sum than five hundred dollars to each of the nephews and nieces in the first degree.

The questions upon which the trustees desired instructions were stated in the bill, and appear in the opinion.

The answers admitted the allegations of the bill.

The case was reserved, by *Field*, J., upon the bill and answers, for the consideration of the full court.

*H. G. Nichols*, for Nathan Cushing and Silas Peirce, and for the children of nephews and nieces.

*L. S. Dabney*, for issue more remote than children.

COLBURN, J. The bill in this case raises the question of the construction to be put upon certain provisions in the eighth clause of the will of Silas Peirce.

That portion of this clause upon which the first question is raised is as follows: " They [the trustees] shall annually divide and distribute the residue of the net income of said trust property and estate, which shall remain after the foregoing provisions of this trust have been fulfilled, among my nephews and nieces in the first degree, in such proportions, not however exceeding five hundred dollars to any one in the same year, so long as the whole of said income may be distributed by giving no larger

sum to any one, however unequal, as my said trustees may deem expedient, so long as five of my said nephews and nieces shall survive." If the words, "however unequal, as my said trustees may deem expedient," are transposed and read after the words "in such proportions," instead of where they stand, the meaning of the clause is more obvious.

In an earlier part of the eighth clause, the testator has directed the trustees to pay, out of the income of the estate, annuities of $500 each to certain persons named, who are in fact his nephews and nieces in the first degree, but are not designated as such, except as being described as children of certain of his brothers and sisters.

The question is presented, whether this fact affects the construction of that part of the eighth clause we have quoted. It will be noticed that, by the clause quoted, the testator is disposing of the residue of the income of the trust property which may remain after the specific provisions have been satisfied, and that this clause relates only to such residue. The language of the clause quoted includes all the nephews and nieces in the first degree, and makes no distinction between those to whom specific annuities have been given and the rest; and we find nothing to indicate that the testator did not intend, what his language imports, that those nephews and nieces to whom he had previously given specific annuities should share in the residue as if specific annuities had not been given them.

We are of opinion that the clause quoted is to be construed as if no other provision had been made for any of the nephews or nieces; and that all the nephews and nieces in the first degree are entitled to share in the residue of the net income, in the manner specified in the clause quoted, regardless of the fact that some of them have received specific annuities under an earlier clause of the eighth section of the will. It may be added, that the trustees are not authorized to pay to any nephew or niece more than $500 from the residue, in any one year, until all the nephews and nieces have received that sum from the residue for that year.

Under the provision at the end of the eighth clause, Nathan Cushing and Silas Pierce 2d are not entitled to specific annuities of $500 each, but only to share in the residue of the net

income. The specific annuities of $500 each are not given to nephews and nieces *eo nomine*.

We are of opinion that the sum of $7755.70, which had accrued as income in the hands of the executors before payment to the trustees, is to be treated as income by the trustees. *Lovering* v. *Minot*, 9 Cush. 151. *Sargent* v. *Sargent*, 103 Mass. 297. *Ayer* v. *Ayer*, 128 Mass. 575. Pub. Sts. *c.* 136, § 24.

More than five of the nephews and nieces in the first degree are still living, and we do not propose to consider the questions raised as to the final disposition of the trust estate, before the contingency happens which may render such consideration necessary.                                   *Decree accordingly.*