CAROLINE E. WESTGATE *vs.* MARTHA C. FARRIS & others.

Bristol.　October 24, 1905. — December 4, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy,* Construction.

A testator possessed of a substantial amount of property, having by a clause of his will devised to his wife the use for life of the upper part of the house occupied by them as a home, later made a codicil, in which without referring to this clause he gave to his wife whatever share of his estate she would be entitled to if he left no will. Both the will and the codicil were drawn carefully, and the codicil contained clauses expressly revoking and cancelling corresponding clauses in the will, where this was the testator's intention. *Held,* that the provision for the testator's widow in the codicil was in addition to the life estate in the upper part of the homestead given her by the will and not in substitution for that devise.

PETITION, filed September 30 and amended December 14, 1904, for the partition of seven lots of land in Fall River.

In the Superior Court the case was heard by *Lawton,* J., without a jury. The petitioner and the respondents acquired

title under the will and codicil of Jerome B. Westgate, late of Fall River. The petitioner was the widow of Jerome B. Westgate, having been his second wife. The respondents were two children of the testator by his first wife and the son of one of them, a grandchild of the testator. The executor and trustee under the will of Jerome B. Westgate also was made a respondent. The only question raised by the parties was whether the provision for the petitioner in clause three of the codicil was in addition to, or in substitution for, the provision made for her in clause nine of the will. The two clauses are described in the first paragraph of the opinion. They were respectively as follows :

"IX. I give, devise and bequeath to my son, Clarence Westgate, the house and lot 463 Pine Street, in said Fall River, according to plat filed with this document, my widow Caroline E. Westgate to have the use, for life, of the upper tenement, Clarence to make repairs.and pay taxes and insurance."

"III. I give, devise and bequeath to my wife, Caroline E. Westgate, whatever share of my estate she would be entitled to by law if I left no will."

The judge made an interlocutory finding as follows :

"The respondents ask me to construe clause III. of the codicil as though it contained an express revocation of clause IX. of the will, but I am unable to do so.

"I have therefore made an interlocutory finding and order that the petitioner is entitled to the use of the upper tenement in the house number 463 Pine Street, in Fall River, for her life, as devised in the will, and that she is seised of such an undivided portion of the remaining real estate as will make her total share one third of all the real estate described in the petition ; have ordered that partition be made, and appointed commissioners to make such partition."

Being of opinion that this interlocutory finding and order ought to be determined by this court before any further proceedings in the Superior Court, the judge reported the case for such determination. If the interlocutory finding and order were right, they were to stand as made. If the contention of the respondents was right, an interlocutory finding and order were to be made that the petitioner was not entitled to the use of the

upper tenement in the house, number 463 Pine Street, in Fall River, and that she was seised of an undivided third part of the premises described in the petition; if the contention of the petitioner was right, an interlocutory finding and order were to be made that the petitioner was entitled to the use of the upper tenement in the house, number 463 Pine Street in Fall River, for her life, as devised in the will, and in addition thereto was seised of an undivided third part of the premises described in the petition; and in either case an order was to be entered that partition was to be made and the same persons appointed as commissioners to make such partition as were named in the order made by the Superior Court.

*L. E. Wood & G. C. Hathaway*, for the petitioner.

*A. S. Phillips & W. E. Fuller, Jr.*, for the respondent, Clarence Westgate.

BRALEY, J.    The testator, in clause nine of his will, having devised to his wife the use for life of the upper part of the house which they occupied as a home, subsequently added a codicil, in which without making any reference to this clause, he gave to her " whatever share of my estate she would be entitled to by law if I left no will."

It is the contention of the respondents that he intended this devise to be substitutional for the provision found in the will.

Where a testator by a will and codicil makes testamentary provision in each for the benefit of the same devisee, generally it is held that the devise is cumulative rather than substitutional, though this rule of construction must yield wherever the express purpose of the testator appears to the contrary.    *Wainwright* v. *Tuckerman*, 120 Mass. 232, 238, and cases cited.    *Gould* v. *Chamberlain*, 184 Mass. 115.

The amount of the testator's property was substantial, and the first provision made for his widow would seem to have been wholly inadequate for her comfortable support in conformity with her position during their married life, and when he came to make the changes shown by the codicil apparently he realized this inadequacy.

Both will and codicil are carefully drawn, for the testator, when disposing of his property, appears to have understood the precise use of language to express his meaning.    Whenever he

intends to revoke or modify corresponding clauses of the will he says uniformly, " I revoke and cancel," or if certain contingencies should arise affecting the estate devised to his grandson then a further provision is made for him which clearly is substitutional. But when he comes to the remaining clauses, having in mind further provisions for his wife and grandchildren, neither of these qualifying words or any equivalent is found.

It is a reasonable inference that if it had been his intention to have taken away the life estate already devised this would have been expressed in appropriate language.

Its rental value could not have been large, and in any scheme for the distribution of his property any diminution by reason of such an incumbrance manifestly would not weigh with the further consideration, that in exercising the right of continuing to live at their homestead, even if free from any burden of making repairs or of taxation, his wife also must have pecuniary resources, and by the codicil he provides ample means for this purpose. The position taken by the respondents, therefore, cannot be sustained, and the construction for which the petitioner contends, that the devises are cumulative must be adopted as being more consistent with the general scheme of distribution intended by the testator.

The question decided having been presented in a petition for partition brought by the widow, under the conclusion to which we have come, she is entitled to the use of the upper tenement for life, with the additional right to hold in severalty one undivided third part in fee of the premises described in the petition.

In accordance with the terms of the report an interlocutory decree is to be entered that partition be made accordingly.

*So ordered.*