GEORGE A. WILLIS *vs.* JAMES B. RICHARDSON & another, trustees.

Suffolk.   December 12, 1911. — May 24, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Devise and Legacy.*

A testator, who had nine grandchildren, by the terms of a clause of his will gave to
   trustees $1,000 for each grandchild living at his death, "to invest the same in
   some safe productive property," to pay the income to each of such grandchild-
   ren while under age and upon the arrival of each at the age of twenty-one years
   to pay over the principal.  About two years after the execution of the will he
   made a codicil.  Six of the nine grandchildren were of age or soon would be,
   including the oldest son of the testator's son C, then twenty-eight years of
   age.  The other three grandchildren were children of the testator's son C and
   were much younger, the oldest of them being about eleven years of age.   By
   the codicil the testator changed this clause of his will and gave $1,000 absolutely
   to each of the six older grandchildren, naming among them the oldest son of
   his son C.  He then provided as follows: "The clause . . . in my will is amended
   in this codicil so that my . . . trustees are to receive $1,000 for each of the
   children of my son C, and invest the same as set forth in my will."  *Held,* that
   the children of the testator's son C for whom these trusts were provided were
   the three youngest children of C, there being a manifest intention to exclude
   from the class the oldest son of C to whom an absolute legacy had been given
   and to whom the provision for a trust investment was not applicable.

APPEAL from a decree of the Probate Court for the county of
Suffolk dismissing the petition of George A. Willis, filed on De-
cember 22, 1911, for the distribution to him of his alleged share of
a trust fund as one of the children of Charles J. Willis under pro-
visions of the will and codicil of Clement Willis, who died on
June 20, 1889.

The appeal was heard by *Morton,* J., who reserved and reported
it for determination by the full court.  The facts material to the
question of interpretation considered by this court are stated in
the opinion.

*F. W. Dallinger & A. P. Gay,* (*J. L. Dyer* with them,) for the
petitioner.

*J. P. Richardson,* for the respondents.

HAMMOND, J.  In the codicil the following language is used,
namely: "The clause in section 'Three,' in my will is amended in

this Codicil so that my Executors and Trustees are to receive one thousand dollars for each of the children of my son Charles J. Willis, and invest the same as set forth in my will." At the time the codicil was executed the son Charles had four children, one, the petitioner, by his first wife, and three by his second wife; and all four survived the testator. And the question is whether the petitioner was intended to be included in the phrase "each of the children of my son Charles J. Willis."

It is necessary to recur to the circumstances under which the will and codicil were respectively made. The will was made on February 24, 1886. After various bequests to his children and other relatives, the testator gives the residue of the estate in trust, the income to be paid to his children, and after their decease the principal to be divided equally among his grandchildren. The third clause so far as material to this case reads thus: "I give to my Trustees as many thousand dollars as I shall have grandchildren at my decease, that is one thousand dollars to each grandchild, in trust, to invest the same in some safe productive property, and the income of the said fund to be paid over and distributed in equal shares as often as once in six months to and among such grandchildren as may remain under age, or to the natural guardian of such of them as at the time of such distribution by reason of age or otherwise might not make good use of the money. The share of income which shall be so paid to said guardians is to be used by them for the wards in such manner as they shall think best, and upon the arrival of each of my said grandchildren at the age of twenty-one years or previous marriage, if females, his or her share of said trust fund, as it then stands, is to be paid over to them respectively for their own use, the share of married females as their separate property and in case of any of my grandchildren before becoming of age and entitled to receive his or her share, is upon said decease of any of my grandchildren to be paid to their heirs at law."

At this time there were nine grandchildren, all of whom survived the testator. Of these nine grandchildren it appears from the record in connection with the genealogical chart contained in the respondents' brief, which was used without objection in the argument before us, that four, including the petitioner, were of age, their ages varying from twenty-three to thirty-three years. One

was about eighteen, one seventeen, and three, the children of Charles by his second wife, were much younger, the eldest being only nine years old.   Inasmuch as the legatees under this clause were to be only the grandchildren who should survive the testator, it is manifest that it could not be known whether any of those survivors would be of age at the time of the testator's decease; and hence undoubtedly the provisions as to the payment of the income to those who should not then be of age.  These provisions of course were not intended to be applicable to those who at the death of the testator should be of age.  Such would be entitled to receive their legacies in the due course of the settlement of the estate, as in the case of any unrestricted legacy.

On November 14, 1888, nearly one and three-fourths years after the making of the will, the codicil was made.  By it the testator confirms the will so far as the " codicil is consistent therewith," and after changing in some respects the provisions made in the will for his children and making some bequests to certain grandchildren by name, he proceeds to consider the third clause of his will.  The nine grandchildren were all still living.  They were all of age or very near it, with the exception of the three youngest children of his son Charles, and with that exception would be entitled to their legacies shortly after his death, even if it should soon occur.  Under these circumstances he concludes to change this third clause.  He provides that the bequest of $1,000 shall go at once to each of the six older grandchildren, including the petitioner.  But there still remain the three young children of his son Charles, who were included in clause three of the will.  If he leaves them to their chance under that clause, then their right to the legacy would depend, as did that of all the others before the change which he has just made in their favor, upon the fact of survivorship.  He had made all the other legacies absolute.  He wants to have the three children stand like the others.  At that time the petitioner was twenty-eight years of age; the three others were much younger, the eldest being about eleven years of age.

It is urged in substance by the petitioner that when a person is a member of a class to whom a legacy is given without specifying the individual names, he is not excluded as one of the class simply by the fact that in a previous part of the will he was the recipient of an individual legacy, unless there is a manifest intent to ex-

clude him. And such undoubtedly is the rule. See *Wainwright* v. *Tuckerman,* 120 Mass. 232, 238; *Bates, petitioner,* 159 Mass. 252, 257; *Westgate* v. *Farris,* 189 Mass. 587, 589; *Bartlett* v. *Houdlette,* 147 Mass. 25, 27; *Cushing* v. *Burrell,* 137 Mass. 21.

But this rule does not help the petitioner. We are of opinion that there is in this case a manifest intent that the petitioner, to whom an absolute legacy was given by the first part of the seventh clause, should not share in the provisions made in the latter part of that clause for the children of his son Charles. In addition to the circumstances hereinbefore recited, it is to be noted that the money set apart for the children was to be invested "the same as set forth in my will." That is to say, the money was not only to be invested but this income was to be paid to them until they came of age or, if females, were married. As stated above, this language was not applicable to those who might be of age. When the will was written it was not known whether the petitioner or any of the legatees, namely, the grandchildren living at the death of the testator, would be of age. But when the codicil was made the uncertainty as to whether the petitioner would take was removed. The language of the bequest was not applicable to him. As to his bequest as one of the children it was entirely inappropriate. It is evident that the testator, when he framed this bequest, could not have had in his mind the petitioner as one of the children of his son Charles under this clause. Otherwise he would not have used the language he did. The facts agreed all seem to indicate that for nearly twenty years the conclusion herein reached was that upon which the parties acted.

*Decree of Probate Court affirmed.*