Corwine *v.* Corwine.

CORWINE, appellant, and CORWINE, respondent.

1. A testator, having first directed his debts to be paid, gave a money legacy to each of his two daughters, and a specific legacy of household goods to his said daughters and his son C., equally. His will then proceeded as follows: "I give and bequeath to my son C., the entire residue of my estate, both real and personal, not otherwise disposed of, to him, his heirs and assigns."—*Held*, that the pecuniary legacies were a charge on the testator's real estate.

2. If legacies are given generally, and the *residue* of the real and personal estate is afterwards given in one mass, the legacies are a charge on the residuary real as well as personal estate.

The testator made his will as follows: "In the name of God, amen. I, Gideon R. Corwine, &c., do make, publish, and declare this my last will and testament, in manner following, that is to say: First, I order and direct my executor, hereinafter named, to pay all my just debts and funeral expenses, as soon as convenient after my decease; Second, I give and bequeath to my daughter, Rebecca Corwine, $2000, to her, her heirs and assigns; Third, I give and bequeath to my daughter, Phebe Farley, wife of Isaac Farley, $1200, and in case of her death before me, to her legal representatives; Fourth, all my household goods above the cellar, I do hereby order to be divided between my two daughters, Rebecca Corwine and Phebe Farley, and my son, Cornelius Corwine, share and share alike; Fifth, I give and bequeath to my son, Cornelius Corwine, the entire residue of my estate, both real and personal, not otherwise disposed of, to him, his heirs and assigns; Sixth, if any of the legatees named in my will should express any dissatisfaction, &c.; Seventh, I appoint my son-in-law, Isaac Farley, executor."

The personal estate being insufficient to pay the legacies given by the second and third clauses, in full, a bill was filed praying that these legacies might be declared to be a charge on the real, in aid of the personal estate.

Decree in accordance with the prayer of the bill, and

appeal from that decree. The opinion of the Chancellor is reported in 8 *C. E. Green* 368.

*Mr. Kingman,* for the appellant.

*Mr. E. T. Green,* for the respondent.

The opinion of the court was delivered by
WOODHULL, J.

The only matter in controversy is, whether the legacies given by the second and third clauses of the will are a charge on the real estate devised by the fifth clause.

That personal estate is the primary fund out of which legacies are payable, is not questioned on either side. It is conceded, also, that real estate is not charged with the payment of legacies, unless the testator intended it should be, and that such intention must be either expressly declared, or fairly and satisfactorily inferred from the language and dispositions of the will. See *Leigh* v. *Savidge,* 1 *McCarter* 125, and cases cited.

Has the testator, by the terms of the will, sufficiently declared his intention to charge the legacies in question on the real as well as the personal estate, in case the latter should prove insufficient to pay them?

He first directs his debts to be paid; then gives the legacies to his daughters, and then, after a specific bequest of household goods, gives to his son *the entire residue of his estate,* both real and personal.

There is nothing in the will to indicate an intention to use these plain words otherwise than in their ordinary and proper sense, and taking them in this sense, it seems hardly possible to doubt, that the *residue* given by the fifth clause, was intended to be what should remain of the whole estate after satisfying the debts and legacies. The testator was not thinking specially of his real and personal estate, as distinguished from each other. He was not dealing with either of them separately, but with

Corwine *v.* Corwine.

the two blended together in one mass, which he called his estate. This estate—all that he owned—he was parceling out in such a way as to make sure of leaving no part unappropriated, and of giving nothing in excess of it. To his mind, the subjects of the first four clauses being withdrawn from the bulk of his property, there would be left precisely the *residue* given by the fifth clause; this residue being merely the complement of the debts and previous gifts, and with them, just equalling the entire estate.

The words "not otherwise disposed of" appear to be merely redundant, repeating elliptically, what had already been sufficiently expressed. Supplying what the obvious meaning of the testator seems to require, the fifth clause would read thus: "I give, &c., to my son Cornelius, the entire residue of my estate, both real and personal, that is, my estate, both real and personal, not otherwise disposed of." These words do not, in fact, vary the sense of the clause in question, any more than the words "rest and remainder" would, if added to the word "residue." We entertain no doubt, therefore, that upon the true construction of the language and provisions of this will, the testator must be held to have intended that his real as well as his personal estate, should be subject to the payment of the pecuniary legacies.

A reference to a few of the many cases cited on the argument, and more particularly to some of the later decisions in the English courts, will be sufficient to show that this construction is sanctioned by very high authority.

In the early case of *Awbrey* v. *Middleton*, where a testator gave several legacies and annuities to be paid by his executor, and then devised *all the rest and residue* of his goods and chattels and estate to his nephew, his heir-at-law, and appointed him executor of his will, Lord Cowper held that the real estate was chargeable with the legacies and annuities, in aid of the personal estate. 2 *Eq. Cas. Ab.* 497. *pl.* 16.

In *Hassell* v. *Hassell*, the testator devised and bequeathed certain legacies, and then gave, devised and bequeathed *all*

*his real and personal estate not hereinbefore disposed of.*" Lord Bathurst held that the legacies were charged upon the real estate.    2 *Dick.* 527.

In *Bench* v. *Biles*, the testator gave all his real and personal estate to his wife for life, and after her decease gave several legacies ; *and all the rest, residue and remainder of his real and personal estate,* he gave, devised and bequeathed to two nephews.  Sir John Leach, V. C., holding the legacies to be a charge on the real estate, said : " The testator here gives all his real and personal estate to his wife, for her life, blending them together as one fund for her use ; after her death, he gives certain pecuniary legacies, and then *the rest, residue and remainder of his real and personal estate* to his nephew. He plainly continues, after her death, to treat them as one fund, the rest, residue and remainder of which, after payment of his legacies, is to go to his nephew."    4 *Madd.* (187), 102.

In *Cole* v. *Turner,* the same learned judge, as master of the rolls, decided that a bequest of legacies, followed by a gift of all the residue of the testator's real and personal estates, operates to charge the entire property with the legacies.  The testator, in that case, gave an annuity and pecuniary legacies, and then devised *all the rest, residue and remainder of his freehold, copyhold and leasehold estates* to trustees, for the use and benefit of his children.  The master of the rolls, condensing his opinion into two or three pithy sentences, says : " The freehold, copyhold and leasehold estates are not devised to the trustees, but the rest and residue of these estates, that is, what remains of these estates after some prior purpose is thereout satisfied.  But what prior purpose could the testator here contemplate, except the satisfaction of the annuity and the legacies previously given ?"  4 *Russ.* 376.  This brief argument, it may be remarked, is hardly less pertinent to the case in hand, than to the one in which it was delivered.

To the same effect are the more recent cases of *Mirehouse* v. *Scaife,* 2 *Myl. & Cr.* 695 ; *Francis* v. *Clemow, Kay* 435 ; *Wheeler* v. *Howell,* 3 *K. & J.* 198, and *Greville* v. *Browne,* 7 *H. L. C.* 689.

The case last referred to was an appeal from a decision of the Lord Chancellor and the Lord Justice of Appeal in Ireland, confirming a judgment of the Encumbered Estates Court. After some general gifts of legacies, the language of the will was: " All the rest, residue and remainder of any property I may die possessed of or entitled to, of what nature soever, whether estates, freehold leases, &c., also bills, bonds, bonds, &c., I hereby bequeath, &c., to my son, in the fullest manner I can, &c., with liberty to him to dispose of the same in any manner he may think proper." The son having mortgaged the real estate, it was held that the legacy then in dispute was a charge on the real estates, and on a sale of them in the Encumbered Estates Court, took precedence over the mortgages, notwithstanding the general power to the devisee to dispose of the estates in any manner he thought proper.

Mr. Hawkins, in his valuable treatise on the Construction of Wills, referring to this and other recent cases, says: " It has been said that a testator generally intends the legacies given by his will to be a charge on his residuary real estate, as well as on his personal estate ; but (in the absence of an express charge) they are held to be so only when the residuary real and personal estate are given together ; it being a rule of construction, that if legacies are given generally and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge on the residuary real as well as the personal estate."

The rule as here stated meets our entire approbation. It is a simple and safe rule, founded in justice and good sense, easy of application, and one that will in a great majority of cases give effect to the real intention of the testator. Although not heretofore recognized as the rule in this state, our decisions are not in conflict with it.

In *Van Winkle* v. *Van Houten*, 2 *Green's Ch.* 172, the residuary clause was, " I give, &c., all the rest, residue, and remainder of my estate, both real and personal, wheresoever," &c. In *Dey* v. *Dey's Adm'r*, 4 *C. E. Green* 137, the words were, " All the residue and remainder of my estate of any kind and

description, not herein otherwise disposed of, I give, &c."
Both of these cases are clearly within the rule, and both were
decided precisely as they would have been if the rule just
stated had been applied to them.

In *Paxson* v. *Potts' Adm'rs*, 2 *Green's Ch.* 313, where the
language of the will was, " I give, &c., the whole of my real
and personal estate, excepting only the portions mentioned,
&c.," and one of those portions was a pecuniary legacy pre-
viously given to the testator's widow, Chancellor Vroom
held that the legacy was not chargeable on the real estate ;
distinguishing the case from *Bench* v. *Biles*, 4 *Madd.* 187,
on the ground that the testator had not, as in the latter case,
blended his real and personal estate so as to constitute one
common fund.

In *Hawkins on Wills*, p. 294, n. 1, published 1872, by T.
& J. W. Johnson & Co., with notes by Mr. John Sword, of
the Philadelphia bar, will be found a careful citation of the
American cases relating to this subject, from which it will
appear that the rule as established by Greville v. Browne,
although rejected by some of the courts, is in effect, adopted
by most of them, and is sustained by the decided weight of
American authority.

The decree of the Chancellor is affirmed, with costs.

For affirmance—THE CHANCELLOR, BEASLEY, C. J.,
BEDLE, CLEMENT, DODD, LILLY, SCUDDER, VAN SYCKEL,
WALES, WOODHULL.    10.

For reversal—None.