This bill is filed by Emma Catherine Crocker, executrix of the last will and testament of Sarah Stella Winslow, and seeks the construction of the will and instructions with reference to the duties of the complainant thereunder.
Sarah Stella Winslow died on April 22d 1931. Her last will and testament is dated December 17th, 1928. The conflicting paragraphs before the court for construction read:
"Fifth. I hereby desire my executrix hereinafter named to dispose of my property and before division is made she shall erect a monument in cemetery not to cost over $500 (five hundred) and she shall also provide marker for my grave like my late husband's.
I direct the executrix hereinafter named to give my sister Nettie Crocker the sum of $500 (five hundred). To my brother Eli Daniel McDougall the sum of $500 (five hundred). To my nephew Curtis D. McDougall the sum of $250 (two hundred fifty).
To my nephew Merrill McDougall $250 (two hundred fifty dollars).
Sixth. After my executrix hereinafter named shall pay this amount I direct that she shall divide the remainder for my two nieces Ora Luthera Crocker — Emma Catherine Crocker.
Eighth. I hereby give bequeath and devise all the rest, residue and remainder both real and personal in possession or expectancy and wherever situated to my beloved niece Emma Catherine Crocker, absolutely."
The questions raised by the bill are:
(a) Whether by the use of the word "property" in paragraph fifth the testatrix intended to include both real and personal property, or only personal property;
(b) Whether in case the testatrix intended the word "property" in paragraph fifth to include only personal property, *Page 205 
the money legacies therein provided are a charge upon the real estate of the decedent;
(c) Whether the residuary estate of the decedent passes to Ora Luthera Crocker and Emma Catherine Crocker under the sixth paragraph, or to Emma Crocker alone under paragraph eight.
It is stated in 23 Am. Eng. Encycl. 262, that, "when used in its general and popular sense, the term `property' includes both lands and chattels, but the meaning may be restricted by the context."
"It" (the word property) "will pass both realty and personalty, if there is nothing in the context to the contrary, and the legal presumption is in favor of this extended meaning of the word."40 Cyc. 1526, citing Jarm. Wills.
All of the adjudicated cases on this point rest on the facts recited in each case, so that it is useless to cite them. The meaning and intention of the testatrix must be determined, not by fixing the attention on single words, but by considering the entire will and surroundings of the testatrix, when she executed the will, and by ascribing to her, so far as her language permits, the common impulses of our nature. Coyle v.Donaldson, 91 N.J. Eq. 138.
The will in question was drawn by the testatrix who was not learned in the law, and this is a circumstance to be considered.Wunderlich v. Bleyle, 96 N.J. Eq. 135.
The leading rule, from which courts of justice do not depart, is to put such a construction on apparently conflicting parts, that all of them, if possible, may stand and the whole will be carried into effect. Den, ex dem. Somers v. Pierson,16 N.J. Law 181.
"It is not a word, it is the intent of a testator, manifested in his will that is sacred and must prevail." Den, ex dem.Brown v. Mugway, 15 N.J. Law 330; Elizabeth Trust Co. v.Clark, 96 N.J. Eq. 550.
Applying these fundamental rules of construction to the present cases, the conclusion is reached that as between the two possible interpretations of the word "property" the more restricted meaning must prevail, for it is only by construing *Page 206 
the word "property" in the fifth paragraph as meaning "personal property" that the whole will can be given effect.
In the sixth paragraph testatrix directs that after the executrix "shall pay this amount" (referring to the legacies mentioned in the fifth paragraph), "she shall divide the remainder for my two nieces Ora Luthera Crocker and Emma Catherine Crocker." If the testatrix did not intend the fifth and sixth paragraphs to be confined to her personal property, there was no need for her inserting the eighth paragraph in which she disposes of the rest, residue and remainder and specifically mentions real estate.
The eighth paragraph bequeaths personalty as well as devises realty. Query, are the legacies given in the fifth paragraph chargeable upon the real estate?
Generally, legacies are payable out of personalty unless the testator expressly or by implication charges them upon the real estate. The rule adopted in this state is, that if legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge on the residuary real as well as personal estate. Corwine v. Corwine,24 N.J. Eq. 579. It is an inference based upon the massing of both real and personal property in the residuary clause. It cannot prevail except where the inference arising from the words "residue" and "remainder" is not restrained or avoided by other words to which due effect must be given. Johnson v. Poulson,32 N.J. Eq. 390; Shannon v. Ryan, 91 N.J. Eq. 491.
Having concluded that the word "property" in the fifth paragraph is to be taken as meaning "personal property," I find in the language of that clause a particular designation out of which the legacies are to be paid. The testatrix directs the executrix to dispose of her property, "and before division ismade she shall erect a monument in cemetery not to cost over $500 (five hundred) and she shall also provide marker for my grave like my late husband's." It seems to me that the direction was to dispose of the personal property, and before the money was divided in the amounts specified, namely, $500 to Nettie Crocker, $500 to Eli Daniel McDougall, *Page 207 
$250 to Curtis D. McDougall and $250 to Merrill McDougall, she directed the erection of the monument and marker, and that if $1,500, the total amount of the legacies mentioned was not realized, there was to be an abatement and division of the balance in the proportion that the legacies bore one to the other. If anything remained after the cost of the monument and marker and the payment of the legacies, testatrix provided for the distribution of the same in the sixth paragraph when she said, "she shall divide the remainder for my two nieces," naming them. In other words, there is in this paragraph a designation of a particular source out of which the legacies are to be paid in language sufficiently clear to exclude the implication of an intent to charge the realty devised to Emma Catherine Crocker in the eighth paragraph.
It follows, that the real estate passes to Emma Catherine Crocker, under the eighth paragraph.
In a former will dated December 11th, 1925, which was introduced in evidence, the testatrix likewise inserted a fifth paragraph almost identical with the fifth paragraph in the will under construction, in which she said, "I hereby give and bequeath after my executrix — hereafter named dispose of mypersonal property and she shall erect a small monument on cemetery lot also a marker like my husband's." I believe testatrix unintentionally omitted the word "personal" in her later will.
Decree will be advised in accordance with these conclusions. *Page 208