Fannie C. Inman, complainant-appellant,

*v.*

Alexander H. Inman and Warren Sprague, executors under the last will and testament of Edward Inman, deceased, and the First Baptist Church of Manahawkin, New Jersey, defendants-respondents.

[Submitted October term, 1938. Decided February 6th, 1939.]

*Mr. Francis Tanner,* for the appellant.

*Mr. Franklin H. Berry,* for the respondents.

The opinion of the court was delivered by

Perskie, J.

Did the learned vice-chancellor correctly construe the will of Edward Inman, deceased?

Appellant, Inman's widow, and the First National Bank of Barnegat, New Jersey—the latter was named trustee in the will—filed a bill in chancery to construe Inman's will.

The first, second, fourth and eighth paragraphs of the will are not involved in this cause and, therefore, need not be

considered. It may, however, be helpful in ascertaining testamentary intent to mark the fact that under the second paragraph the widow was, among other things, entitled to all interest accruing from testator's income from investments so long as she remained testator's widow, and, under the eighth paragraph the stock named therein is to be deposited with the trustee and the income thereof is to be paid semi-annually for the upkeep of the First Baptist Church cemetery from the time of his wife's death or re-marriage.

The third paragraph of the will provides that a trust be created upon the wife's death or re-marriage. The *res* of that trust was to be the proceeds from the sale of testator's home, which, under paragraph two, the wife was to have and hold during her life as testator's widow. The trustee was to be the First National Bank of Barnegat, New Jersey. The beneficiary was to be the First Baptist Church of Manahawkin, New Jersey, and the object of the trust was to pay the salary of the preacher of that church.

The fifth, seventh, ninth and tenth paragraphs of the will direct that certain personal property, specifically enumerated in each paragraph, be sold upon the testator's death and that the proceeds from that sale be transferred in trust with the said First National Bank of Barnegat. Neither the beneficiary nor the object of the trust created was stated. For that reason, complainants urged that these paragraphs be declared invalid.

The learned vice-chancellor construed the will to mean that the widow was to receive the income from the trust created by the fifth, seventh, ninth and tenth paragraphs, until her death or re-marriage but that the testator died intestate as to the *corpus* of the trust. Upon that construction, he ordered that the *corpus* of the trust fund, at the time of the death or re-marriage of the widow, be distributed among the heirs-at-law of the testator in accordance with our statute relating to the disposition of personal property of intestates. *R. S.* 3:5-3.

The widow alone appeals from the construction thus placed upon the fifth, seventh, ninth and tenth paragraphs claiming

immediate right to the *corpus* since no children were born of the marriage between testator and herself. Should she prevail? We do not think so.

It is a rudimentary principle in the construction of wills that full force be given to the intent of the testator and that intent must be gathered from the will as applied to the testator's intention by the application of known and tried rules of construction. *Cf. Wills* v. *Wills, 72 N. J. Eq. 782; 73 N. J. Eq. 733; 69 Atl. Rep. 256; Coffin* v. *Watson, 78 N. J. Eq. 307; 79 Atl. Rep. 275; affirmed, 79 N. J. Eq. 643; 83 Atl. Rep. 1118; Camden Safe Deposit and Trust Co.* v. *Scott, 121 N. J. Eq. 366* (at *p. 371*); *189 Atl. Rep. 653.* The "predominant idea of the testator's mind, if apparent, is heeded against all doubtful and conflicting provisions, which might of themselves defeat it." *Peer* v. *Jenkins, 102 N. J. Eq. 235, 238; 140 Atl. Rep. 413.* Upon these principles we are entirely satisfied that the trust mentioned in the challenged paragraphs (fifth, seventh, ninth and tenth) should not fail. For, a careful study of the entire will impels the conclusion that the testator's intent, his "predominant idea" (he, in effect, so stated) was that the property mentioned in the paragraphs in question be held in trust. Accordingly, to the extent that the decree so holds, we concur.

We are, however, equally well satisfied that the testator also intended that his wife's interest in his estate terminate upon her death or re-marriage. The decree in question thwarts this intent, because by its terms, the wife, upon her re-marriage, would become entitled to the *corpus* of the estate under *R. S. 3:5-3,* since there were no children born to testator by her. Such a result, in our opinion, is contrary to, and completely defeats, the clear intention and predominant idea of the testator to end his wife's interest in his estate upon her death or re-marriage. Accordingly, the decree will be modified so that upon the wife's death or re-marriage the income from the trust fund established by paragraphs fifth, seventh, ninth, and tenth of testator's will be paid to the First Baptist Church of Manahawkin, New Jersey.

The cause is remanded to the court below with direction that leave be granted to respondents promptly to file a cross-bill to the end of embracing the construction here given to testator's will. When that is done the decree will be modified accordingly, and, as so modified, it is affirmed. No costs are allowed.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.