FLORENCE L. PEARCE, complainant-respondent,

*v.*

GILBERT L. MARCELLUS, JULIA L. OSBORNE, individually and as executors and trustees of the last will and testament of W. Irving Pearce, deceased, and AGNES COLEMAN, defendants-appellants.

[Argued October 25th, 1945.    Decided March 5th, 1946.]

*Mr. Arthur T. Vanderbilt,* for the appellants Gilbert L. Marcellus and Julia L. Osborne.

*Mr. Samuel D. Hoffman,* for the appellant Agnes Coleman.

*Messrs. Parsons, Labrecque & Borden (Mr. Theodore L. Parsons,* of counsel), for the respondent.

The opinion of the court was delivered by

RAFFERTY, J.

W. Irving Pearce, a resident of Manasquan, New Jersey, executed his last will and testament on December 17th, 1940, in which, amongst other things, he provided:

"*Second:* I give, devise and bequeath all of the rest residue and remainder of my estate, of whatsoever kind and nature and wheresoever situate, real, personal and mixed, to GILBERT L. MARCELLUS and JULIA L. OSBORNE, my Executors and Trustees hereinafter named, in trust upon the trust that they shall hold and invest the same and pay the net income therefrom, semi-annually, to my beloved wife, FLORENCE L. PEARCE, if she shall survive me, for her sole use and benefit so long as she may live, and if the net income from my said estate is not sufficient in the opinion of my Executors and Trustees to properly support and maintain my said wife in complete comfort, I hereby authorize and direct my said Executors and Trustees to use so much of the principal of my said estate for that purpose as they may deem necessary for the complete comfort and support of my said wife, FLORENCE L. PEARCE.

*I Direct* that the provisions made for my said wife in this paragraph of my last Will and Testament shall be in lieu of her dower or right of dower in my estate."

Testator died June 16th, 1942, leaving only his wife surviving him. The named executors and trustees were his nephew and niece respectively who, with Agnes Coleman, were the remaindermen in the estate.

Florence L. Pearce, the widow and life beneficiary, filed her bill in Chancery alleging that the trustees had failed and neglected to make expenditures out of principal necessary to her complete comfort and support and charged the trustees with abuse of discretion therein grounded in their personal interest in the remainder. She prayed for a construction of the will and decree setting forth the duties of the trustees in the premises. After hearing, the Court of Chancery decreed that, under the quoted paragraph of the will, the trustees are required to pay the life beneficiary the income received from the estate and so much of the principal as shall be necessary for her complete comfort and support and that they pay to her the sum of $4,093.89, being the amount expended by the life beneficiary from the date of death of the testator to April

30th, 1945, in excess of the income from principal received or to be received by her for that period. It was further ordered that sums be thereafter paid from the principal as shall be necessary for the complete comfort and support of Mrs. Pearce, including the cost, fixed by the court, of a practical nurse to attend her. Provision was made also for the rendering of periodic itemized statements of disbursements by the life tenant to the trustees; that she submit from time to time to medical examination, and that the trustees, upon reasonable notice, be permitted to visit the life tenant in her home to determine her manner, standard and plane of living. Appeal is made by the trustees from this decree.

The argument on appeal turns upon the question of the power of the Court of Chancery to interfere with the discretion of the trustees in their execution of the trust and, further, that the exercise of this power by the court in the instant case resulted in an invasion and denial of the rights of the trustees in the premises.

At the hearing Mrs. Pearce testified that although she was possessed of a separate estate her husband had, during his lifetime, paid all household and other personal expenses; that since his death she had not altered her standard of living; that she had requested the trustees to provide funds from the principal of the trust to fully meet her obligations and they had declined to comply therewith, paying over to her only the income from principal and that it was therefore necessary that she expend funds from her personal estate to meet these obligations. Mrs. Pearce testified also that she suffered from arthritis and that she necessarily employed two registered nurses, one of whom was in attendance upon her at all times. Her physician, in a statement received by the court, said that these trained nurses were not necessary to her care and comfort but that a practical nurse could meet her needs.

For the trustees it was testified that they had made efforts to communicate with Mrs. Pearce by letters and telephone calls but had received no response whatsoever from her. Mr. Marcellus testified that he was not permitted to enter the house of Mrs. Pearce, but said later that he had made no effort to this end. Although it was convenient for him so to do,

he did not inquire of the physician attending Mrs. Pearce respecting her condition. This witness was unable to testify as to whether a practical nurse was available for the required services. He said that so far as he knew there was no change in the standard of living indulged in by Mrs. Pearce as compared with the standard provided by her husband in his lifetime and that, on the basis of an estimate suggested by counsel, the income from principal was not sufficient to provide for her complete comfort and support.

In a statement to the court counsel for the trustees pointed out that disagreements had occurred between these parties respecting the probate of the will and the administration of the affairs of the estate and said that there was ill feeling between them.

It is clear from the testimony that appellant trustees did not exercise a discretion within the limit of a sound and honest execution of their trust. They do not deny that Mrs. Pearce made the request for funds as she testified, nor do they explain or justify their neglect or refusal to honor this request. They are not excused from the responsibility of providing for her complete comfort and support by the fact that Mrs. Pearce ignored their letters and telephone calls and that there was ill feeling between them. They may not conserve the principal of the trust, of which they are the ultimate beneficiaries, upon such pretense.

The trustees having thus failed in their plain duty to provide for the life beneficiary as they were expressly enjoined to do in testator's will, the aid of the Court of Chancery was properly invoked by the life beneficiary. The decree entered therein is, under the circumstances of the case, justified. *Read* v. *Patterson, 44 N. J. Eq. 211;* same, *47 N. J. Eq. 595.*

The decree appealed from is affirmed.

*For affirmance*—The Chief-Justice, Bodine, Donges, Oliphant, Rafferty, Dill, McGeehan, JJ. 7.

*For reversal*—Colie, J. 1.

*For modification*—Parker, Case, Heher, Wells, Freund, JJ. 5.