Frank C. Preiss died December 26, 1946, leaving a will probated January 9, 1947, upon which letters testamentary were issued to the plaintiff and Mae L. Preiss.
Plaintiff, The Orange First National Bank, requests instructions of the Court as to the extent to which the executors and trustees shall invade the remaining corpus of the residuary estate for the purpose of paying the expenses of testator's widow, Mae L. Preiss, mentioned in testator's will, and whether the trustees shall treat and pay from corpus as a living expense of his said widow or as an expense of maintaining her home and household, the premiums due since his death and which may become due in the future for fire and liability insurance, and the taxes assessed since testator's death and to be assessed in the future on the premises devised by testator to his said widow and in which premises she lives.
In his will testator bequeathed to his wife certain personal property and devised to her the premises in which she and testator had lived for many years until his death. Their marriage was childless. The pertinent paragraphs of his will are:
"FIFTH: All the rest, residue and remainder of my property and estate, real and personal, wheresoever situate and of whatsoever it may consist, whether in possession or remainder, which I shall own or which shall be subject to my disposition at the time of my death, or over which I may have any power of appointment by will or otherwise, together with such property as may become a part of the residuum by reason of the provisions contained in paragraphs numbered second and third above, I give, devise and bequeath unto my trustees, hereinafter named, IN TRUST for the following uses and purposes: to manage and control, invest and re-invest and to pay to my said wife, Mae L. Preiss, during the term of her life, in quarter yearly payments, all the income therefrom, and to pay from the principal thereof, to the extent that said income is not sufficient, her living expenses, the expense of maintaining her home and household with servants and nurses, and the cost of such medical, surgical and hospital care she may receive. *Page 489 
"SIXTH: Upon the death of my said wife, or if she should predecease me, I direct my remaining trustee to pay from my residuary trust estate the sum of Twelve Hundred ($1,200.00) Dollars annually, in equal quarterly payments, to my brother, George D.B. Preiss, during the term of his life. Should my said wife and brother both predecease me, or in the event that either or both of them survive me, then upon the death of the survivor of them, I direct my said trustee to pay from said residuary trust estate the sum of Twelve Hundred ($1,200.00) Dollars annually, in equal quarterly payments, to Anna M. Preiss, wife of my said brother, during the term of her life. My trustees, and the survivor of them and its successors are hereby empowered to invade the principal of my said residuary trust estate to the extent that the income therefrom does not equal the payments directed in this paragraph to be made.
"SEVENTH: Should my said wife, brother and sister-in-law predecease me, or should one, two or all of them survive me then after the death of the survivor of the three of them, and when Sussan Margaret Schneider, daughter of my cousin, Margaret Bayer Schneider, attains the age of twenty-five years, or would have attained that age had she lived, I direct my remaining trustee to transfer, pay over and deliver the then balance of my said residuary trust estate, together with all accumulated income thereon, to such of the children of my said cousin, Margaret Bayer Schneider, namely, Frank Lewis Schneider and Sussan Margaret Schneider, as shall be living at that time and the issue per stirpes of each of said children as shall have died, in equal shares, share and share alike, the issue of each deceased child to take the share which such child would have taken if living."
All of the beneficiaries named above survived the testator and are still living and of full age excepting Sussan Margaret Schneider and Frank Lewis Schneider, who are infants under the age of fourteen years and appear in these proceedings by Milton L. Schneider, their guardian. The allegations of the bill of complaint are admitted by answers filed on behalf of the respective defendants.
It appears that Mae L. Preiss, the testator's widow, at the time he executed his will and for some time prior thereto was in ill health and under medical care. She was unable without assistance to perform physical acts. Testator, who was a member of the dental profession had prior to his death given up his practice in order to nurse his wife and to give her the attention she required. Since his death her illness has persisted. She is an invalid confined to the second floor of her home where she is being cared for twenty-four hours a day by nurses and a physician. The executors of which the plaintiff *Page 490 
is one have expended for the care and maintenance of the widow from December 26, 1946 to December 31, 1947, $10,280.37 of which $8,970.35 represented corpus and $1,310.02 was income; and during the period from January 1, 1948 to June 30, 1948, the sum of $5,580.24, of which $4,269.50 represented corpus and $1,310.74 was income. The gross estate which came into the hands of the executors amounted to $89,319.55. After distributing the personal property specifically bequeathed, the payment of debts, taxes and administration expenses, and payments from corpus for the care and maintenance of the widow, the balance of the corpus remaining in the hands of the executors on March 23, 1948, was $60,113.06 and the balance of income $614.61. These sums have now been turned over by order of the Essex County Orphans' Court to the executors as trustees.
According to the testimony of Anna M. Preiss, a sister of decedent's widow, the widow is now 72 years of age and suffering from Parkinson's disease for the past twelve years during all of which time she has been helpless. The witness says her sister is possessed of a personal estate of approximately $72,000, from which she derives an annual income of about $1200.00; that during the lifetime of testator he paid the taxes on the home, the insurance premiums and all expenses in connection with the maintenance of the home; that her sister was never requested to contribute toward the payment of any of the expenses during decedent's lifetime; that since the doctor's death there has been no change in her sister's mode of living and that her expenses are about the same as they were when the doctor lived.
Reviewing the will of the testator from its four corners it is clear that the testator's only concern was for his invalid wife while she lived. He knew that after his death his widow would require medical treatment and nursing for the remainder of her life. Realizing from his own experience that the income from his estate would be insufficient to defray her living expenses and the maintenance of their home and household, he left his executors and trustees no discretion as to how they should act in the matter. To the extent that the income was *Page 491 
insufficient he directed them to pay from the principal, her living expenses, and the expenses of maintaining the home and household with servants and nurses, as well as medical, surgical and hospital care.
The intent of a testator manifested in his will is sacred and must prevail. Crocker v. Crocker, 112 N.J. Eq. 203,164 A. 9. Rooted in our law is the principle that in the construction of wills full force must be given to the intent of the testator as gathered from the will by the application of known and tried rules of construction. Inman v. Inman, 125 N.J. Eq. 160,4 A.2d 1.
The intent of the testator could scarcely be expressed with greater clarity. The fact that Mrs. Preiss is possessed of a separate estate is of no moment in arriving at a decision in this matter. Pearce v. Marcellus, 137 N.J. Eq. 599,45 A.2d 889. The mandate of the testator to his executors and trustees is clear and unambiguous.
The plaintiff is instructed to pay from corpus the expenses mentioned in testator's will and also to treat and pay from corpus as a living expense of the said Mae L. Preiss the premiums due and to become due for fire and liability insurance, the taxes assessed since testator's death and to be assessed in future on the premises devised to her by the testator and in which she lives, to the extent that the income from testator's estate is not sufficient to meet the same.
 Judgment in accordance with the foregoing. *Page 492