64 N.J. Super. 225 (1960)
165 A.2d 800
GRACE M. SIBSON, PLAINTIFF-RESPONDENT,
v.
THE FIRST NATIONAL BANK AND TRUST COMPANY OF PAULSBORO, TRUSTEE UNDER THE WILL OF WILLIAM A. SIBSON, DECEASED, DEFENDANT-RESPONDENT, AND WALTER W. SIBSON, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1960.
Decided December 6, 1960.
*226 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Martin F. Caulfield argued the cause for plaintiff-respondent (Messrs. Hannold and Hannold, attorneys).
Mr. Robert E. Gladden argued the cause for defendant-respondent (Messrs. Ross and Gladden, attorneys).
Mr. John P. Hauch, Jr., argued the cause for defendants-appellants (Messrs. Archer, Greiner, Hunter & Read, attorneys).
*227 The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal is from the judgment of the trial court construing certain provisions of the will of William A. Sibson (hereinafter referred to as decedent) who died on August 17, 1955, a resident of Gloucester County. Plaintiff is his widow. Defendants-appellants are the remaindermen under the will.
Plaintiff married the decedent on February 3, 1931. No children were born of this marriage which was decedent's first and plaintiff's second. Plaintiff had no children by her previous marriage. During her marriage to decedent, plaintiff appears to have had no separate estate or income of her own and was entirely dependent on her husband for her support.
The will of decedent had been executed on May 14, 1951. Briefly, it provided in paragraph Fifth that if plaintiff survived decedent for 30 days, a trust was to be established of the residue of the estate, and
"(A) To pay in quarter-annual installments the net income arising from the said residuary estate, hereinafter designated `principal', to my said wife for as long as she shall live, such payments to commence as soon after my decease as may be reasonably convenient for my Trustee, and further to pay to my said wife, freed and discharged from all trusts and uses, as much of the principal as my Trustee in its sole discretion shall determine necessary for her support, health and maintenance."
Upon the death of plaintiff, "the remaining principal, if any," was to be distributed to decedent's brother and sister or their issue.
Pursuant to the will the trust was set up by defendant-respondent trustee, and the income thereof, approximating $3,750 annually, has been paid to plaintiff. In addition, the trustee has advanced to plaintiff, out of trust principal, the sum of $1,075 for painting and repairs to the house in which plaintiff lives.
In April 1959 plaintiff filed this suit seeking construction of decedent's will and directing the trustee to make payments *228 to her out of the corpus of the trust. The case was submitted to the trial court on the pleadings, pretrial order and the depositions of plaintiff and her brother-in-law, who handled all of plaintiff's business affairs.
The record indicates the following. At the present time plaintiff is the sole owner of the home in which she lives in Woodbury, New Jersey. The property, which is unencumbered, originally belonged to plaintiff and decedent as tenants by the entirety. Plaintiff also has a life estate in a summer home in Canada. Shortly before decedent's death he gave plaintiff $2,000, and on his death she collected $2,500 on a life insurance policy and also received $21,600 over a period of three years from a group life insurance policy which covered decedent. Plaintiff is the beneficiary of a nontaxable annuity of $1,200 paid by decedent's former employer, and since 1957 has been receiving Social Security payments at a current rate of $83.30 per month. Since decedent's death she has invested $34,242.19 in securities which produce an annual income of $1,200. She also has bank accounts totaling $4,000 and a 1959 automobile purchased for $2,750.
It thus appears that plaintiff is in receipt of independent income of her own approximating $3,400 annually which, together with her income from the trust, gives her a total income of approximately $7,150. Her federal income tax is about $600. Plaintiff's average expenses for the past four years were shown to be $3,300 per year and, while plaintiff asserted that they represented a thriftier manner of living than that to which she was accustomed while her husband was living, the trial court found that her total income from all sources was quite adequate to maintain her according to her former standard of living.
At the trial plaintiff took the position that paragraph Fifth (A) of the will meant that (1) plaintiff was to receive all of the income from the trust, and (2) all of the expenses necessary for plaintiff's support, health and maintenance were to be paid out of the principal of the trust. The *229 trial court rejected the latter contention and held that the provision "necessary for her support, health and maintenance" referred to the possible inadequacy of trust income for these purposes.
The court, in effect, construed paragraph Fifth (A) to mean that to the extent that the income of the trust was inadequate to provide for plaintiff's support, health and maintenance, recourse was to be had to trust corpus. The court therefore directed the trustee not to take plaintiff's separate income into consideration in determining what payments should be made out of corpus.
The trial court attached particular significance to the gift over of "the remaining principal, if any," after plaintiff's death. This indicated to the trial court that decedent contemplated the very real possibility that there might be no corpus left over for the remaindermen. The court held that such provision indicated that plaintiff was to be the primary object of decedent's bounty in the use of the corpus, which was "to be liberal and not just a stopgap against the vicissitudes of life." The trial court's opinion is reported in 61 N.J. Super. 88 (Ch. Div. 1960).
In construing a will the function of the court is to ascertain and give effect to the purpose of the testator as set forth in his will. Busch v. Plews, 12 N.J. 352 (1953). The court is not limited by form or terminology in its quest of what the testator meant by his testamentary language. The entire will must be considered rather than an isolated portion thereof, and where there is an ambiguity, surrounding facts and circumstances are proper objects of consideration. Morristown Trust Co. v. McCann, 19 N.J. 568 (1955).
The provisions of the will at hand indicate that decedent wanted his wife amply provided for during her lifetime but, save for a bequest of his "strictly personal effects" to plaintiff, he did not want her to receive any part of the principal of his estate unless necessary for her support. To that end his estate is preserved during plaintiff's *230 lifetime, but upon her death it goes to decedent's blood relatives.
The record shows that decedent had received substantial legacies from his family. He had no children of his own and was friendly with his brother and sister and their children. It was therefore perfectly natural for decedent to provide that his entire estate should go to his blood relatives after his wife had been amply taken care of during her lifetime.
We do not agree with the trial court's ruling that decedent intended that plaintiff was to be supported wholly out of trust income and corpus without regard to plaintiff's separate income. We do not interpret paragraph Fifth to have that meaning. Normal understanding of the language used by decedent would indicate that plaintiff's separate income was to be considered. How else would the trustee determine what was necessary for her support? In addition, the greater part of plaintiff's separate income comes from sources provided or arranged for by decedent during his lifetime. The provisions in the will are all part of the same pattern and must be interpreted in the light of these surrounding facts and circumstances.
Plaintiff argues that there is nothing in the record to show that in April 1951, the date decedent's will was executed, any of these circumstances were in existence or had been arranged for by decedent, and cites Zwoyer v. Hackensack Trust Co., 61 N.J. Super. 9 (App. Div. 1960), for the proposition that only those circumstances which were known to decedent when he made his will may be considered in determining his intent.
The rule cited is correct but its application to the facts of this case is invalid. Decedent's will speaks as of the date of his death, and it is only reasonable to assume that decedent, in expressing his testamentary plan for his wife, intended that such plan would fit in with whatever other arrangements he either had made or would make in the future for her. So, too, with plaintiff's Social Security *231 payments which commenced about 1957. Certainly decedent, in planning for his wife's security, would have been aware that plaintiff would eventually come into these benefits.
There are cases where a testator establishes a trust "for support," and specifies that if the income from such trust is insufficient for that purpose then so much of corpus as may be necessary for that purpose shall be used. In such instance the courts have held that the testator has clearly indicated that the trust is to provide the entire support without considering the beneficiary's separate income. Pearce v. Marcellus, 137 N.J. Eq. 599 (E. & A. 1945); Hicks v. Jones, 138 N.J. Eq. 280 (Ch. 1946); Orange First National Bank v. Preiss, 2 N.J. Super. 486 (Ch. Div. 1949).
However, where the life tenant is given the income of the trust, with a further provision authorizing the trustee to invade corpus if necessary for the life tenant's support, the separate income of the life tenant must be considered in determining whether it is necessary to invade corpus. Stetson v. Community Chest, 24 N.J. Super. 243 (Ch. Div. 1952); In re Willey's Estate, 139 N.J. Eq. 118 (Prerog. 1946). Cf. Renner v. Castellano, 21 N.J. Super. 331 (Ch. Div. 1952).
In 2 A.L.R.2d, at p. 1431, in discussing this question, it is stated that no general rule is available other than that the intention of the testator must govern in each particular case. The Annotation adds, at p. 1432, that:
"By the weight of authority, unless the language of the trust instrument affirmatively reveals an intention to make a gift of the stated benefaction regardless of the beneficiary's other means, the trustee should consider such other means in exercising his discretion to disburse the principal for the purpose."
The construction given the will by the trial court could result in plaintiff's amassing a large estate for her own testamentary purposes, more or less at the expense of decedent's estate and the remaindermen named in decedent's will. *232 Clearly this is contrary to the testamentary plan expressed by decedent.
We hold that under a proper construction of decedent's will the separate income of plaintiff is to be considered by the trustee. It has been suggested by appellants that not only plaintiff's separate income but also her separate estate would have to be exhausted before recourse could be had to trust corpus. We do not read the will to mean that the use of trust corpus is so limited. If the trust income, together with plaintiff's separate income, is insufficient to provide for plaintiff's support, health and maintenance, trust corpus is to be used, and the trustee is to administer the trust accordingly.
The judgment of the trial court is modified to the extent indicated herein.