(41 Misc. Rep. 1.)

PEOPLE ex rel. POUGHKEEPSIE TRUST CO. v. LANE et al.

(Supreme Court, Special Term, Dutchess County. June, 1903.)

1. TAXATION—EXEMPTIONS—TRUST COMPANIES.

Under Laws 1901, p. 318, c. 132, § 202, providing that personal property of corporations taxable under section 187a (page 316) shall be exempt from taxation for all other purposes, and section 187a, requiring trust companies to pay a tax on their capital stock and profits, the personal property of such companies is exempt from local assessment and taxation.

Certiorari by the people, on the relation of the Poughkeepsie Trust Company, against Charles E. Lane and others, board of review of assessments of the city of Poughkeepsie, to review their action in assessing the relator on its personal property. Judgment for relator.

C. W. H. Arnold, for relator.
Wm. M. Lee, for respondents.

GAYNOR, J. The personal property of trust companies is exempted from local assessment and taxation by section 202 of the Tax Law as amended by chapter 132, p. 316, of the Laws of 1901. This same act inserts a new section in the Tax Law, viz., section 187a (page 316), which requires every trust company to pay to the state annually a tax of one per cent. on its capital stock, surplus and undivided profits, "for the privilege of exercising its corporate franchise." And the said amendment of section 202 (page 318) provides that the personal property of corporations taxable under section 187a (and only trust companies are taxable under it) "shall be exempt from assessment and taxation for all other purposes," except organization tax, and a certain special tax provided by chapter 37 of the Gen-

cral Laws. The same section by a previous provision frees the personal property of all other corporations taxable under the article of the Tax Law which includes the said sections from assessment and taxation "for state purposes." The difference in phraseology is too marked to be meaningless. The exemption "for all other purposes" means more than "for state purposes"; it was meant to include local purposes also.

The foregoing provisions, and section 24 of the Tax Law as amended in the same year (chapter 550, p. 1349, Laws 1901), make banks and trust companies taxable equally, doing away with the greater taxation on trust companies which formerly existed. Section 24, p. 1350, makes banks pay one per cent. per annum on their capital stock, surplus and undivided profits to the local authorities, and provides that such tax shall be in lieu of all other taxes whatsoever "for state, county or local purposes," and the amendment of section 202 does the same for trust companies. The real estate of each is of course left subject to local taxation.

Final order for the relator on the writ and the return.