John D. Bennett, S.
In this final accounting objections have been filed by the widow, the effect of which is to disagree with the petitioners’ computation of the widow’s share.
*583 The will, dated October 10, 1958 provided as follows:
“ first: I direct the payment of my just debts and burial expenses.
“ second: I give and bequeath and devise one-third (%) of my estate to my wife, sarah wolosin.
‘ ‘ third : All the rest, residue and remainder of my estate both real and personal or mixed property, I give, bequeath and devise to my children, anna w. bass, fannie w. paley and ida w. Roberts, to share and share alike.”
The widow contends her one third is of the gross estate, while the petitioners compute her share as one third of the net estate as of the date of death.
In Matter of Petroff (5 Misc 2d 318) the learned Surrogate had the same proposition before him, and on page 320 he said: “It is conceded that as a general rule, absent some provision to the contrary, debts and administration expenses are deducted in computing the value of an estate when a fraction thereof has been bequeathed ”. (Cited in Matter of Momand, 13 Misc 2d 990.) Although in Petroff’s will the testator used the terms “ entire ” and “ at the time of my death ” as modifying the term “ estate ”, such terms were not deemed explicit enough to justify any deviation from the rule. There is nothing in the will before this court to indicate an intent by the testator to alter the application of this rule.
The petitioners contend that the widow’s one-third share is computed on the net estate as of the date of death. Schedule A of the accounting shows assets of $74,266.68 and Schedule A-l, Increment to Capital, shows an increase of $4,467.92 from the sale of stocks in December, 1962 about six weeks following testator’s death. The petitioners would charge the widow with the debts and administration expenses, and would limit her from benefiting in the increment.
Sections 212, 216, 222 and 285 of the Surrogate’s Court Act require assets of an estate to be first applied to the payment of funeral, debts and administration expenses, including executors’ commissions, and only from the balance remaining after their satisfaction can any valid testamentary gifts be made. Section 314 of the Surrogate’s Court Act defines “ assets ” as personal property applicable to the payment of debts and funeral expenses of the decedent. It cannot be successfully argued that the increments to an estate are not part of the gross assets subject to the payment of debts and administration expenses. Decedent’s right of testamentary disposition is limited to the amount of his property in excess of debts and expenses, and he *584 is deemed to have executed Ms will subject to that limitation (Matter of Whitman, 125 N. Y. S. 2d 165).
The formula for computing the general legacy of the widow is first to ascertain the gross assets including increments and then to deduct therefrom the total of the debts, administration expenses and commissions. The widow’s share is one third thereof.
There being no direction in the will to the contrary, the estate taxes will be apportioned against the interest of all legatees (Decedent Estate Law, § 124). However, with the advantage of the widow’s marital deduction, it would appear the widow will have no such taxes to pay.
The petitioners would pay the widow interest at S%% on her legacy computed from December 15, 1962, as shown in Schedule K, which is approved by the court.
The income earned during administration will be credited to the persons entitled to the residuary estate (Personal Property Law, § 17-b).
The attorneys’ fee is allowed in the amount of $7,500 for all services rendered and to be rendered in the completion of this proceeding, including the final decree herein, together with their disbursements in the amount of $114.12.