Joseph A. Cox, S.
This proceeding was instituted by the testator’s widow, one of the executors under his will, to obtain a construction of that instrument in a number of respects. The first article of the will directs the payment of the testator’s personal debts, funeral and administration expenses and the expenditure of a sum, not exceeding $1,000, for the perpetual care of a cemetery plot. The second article bequeaths one half of the estate in trust for the benefit of the testator’s widow. The eleventh article directs that “ all inheritance, transfer, legacy, succession and all other debts, taxes and duties of any nature ” payable by the estate be paid as an expense of administration and not be apportioned to any beneficiary under the will or the recipient of any property. It is the contention of the petitioning widow executrix that the trust under the second article should be comprised of one half the gross estate and, as a consequence, all debts, funeral expenses, administration expenses and estate taxes should be charged against the interests of the persons benefiting under provisions of the will other than the second article. Wills containing equivalent language have not been given this interpretation and the *149 reasoning of these decisions is applicable to the text of this will (Matter of Petroff, 5 Misc 2d 318; Matter of Momand, 13 Misc 2d 990; Matter of Wolosin, 41 Misc 2d 582). The direction for payment of debts, funeral expenses and administration expenses precedes the bequest of one half of the estate in trust and such respective positions of these portions of the will are indicative of a testamentary intention which is logical and orderly (Matter of Rosen, 156 N. Y. S. 2d 432). A testator may provide for preferential treatment among legatees by appropriate testamentary language, and this is not uncommon, but every competent draftsman as well as most laymen know that legal obligations cannot be effectively ignored and any direction aimed at this objective would be unsuccessful. A bequest of a substantial portion of an estate in defiance of normal legal requirements as to the payment of expenses and debts would be most unusual. Such a purpose is not one to be read into a will in the absence of a clear expression of intention. Upon a reading of this will it cannot be concluded that it expresses the intention to prefer the petitioner in the manner which she reads into the will by implication alone. This testator made no attempt to create a trust which would qualify as a marital deduction for estate tax purposes although it is apparent from the direction to treat taxes as an administrative expense that the testator was aware of the impact of estate taxes and of the statutory rule as to the apportionment of such taxes. This will indicates an awareness of the ordinary problems of estate administration and against this background there is no basis to depart from accepted rules of interpretation. The share of the widow is to be computed upon the net estate and not the gross estate.
The parties are in accord that the trust created by the second article is measured upon the lives of the testator’s widow and his sister and shall continue until the death of both of these persons. It also is accepted that the provisions for payment of the $3,000 annually to the widow and a like sum to the testator’s sister are directions for invasion of trust principal. The court interprets the text of the will in the same manner.
Paragraph (b) of the second article contains the following language: “Anything to the contrary notwithstanding herein, there shall be paid to my wife, Gladys skidell, quarterly out of the Trust Fund created for her in this ‘ second ’ article a sum equivalent to the monthly rental paid by her, of the apartment so occupied by her during the term of her lease If this poorly phrased provision is to be given any significance it must be interpreted as a direction for the payment of the widow’s rent *150 from trust principal. An almost identical provision for the benefit of the testator’s sister is found in paragraph 3 (b) of the sixth article. To construe the intention of the testator as one to confer disparate benefits upon these two persons in this single circumstance would be contrary to the clear purpose of the testator to treat these beneficiaries with a great deal of equality. In this instance it would seem absurd to read into the will an intention to measure these particular benefits upon the remote chance that at the later date of the testator’s death the lease of one beneficiary would not be appreciably longer than the lease of the other. The fundamental purpose of the gift was to provide rental money to each beneficiary. The demands of the widow in this regard do not exceed the benefits granted to her by the will.
Paragraph (c) of the second article authorizes an invasion of trust principal for the widow’s surgical and medical care. A like provision is found in paragraph 3 (c) of the sixth article for the benefit of the testator’s sister.
The widow’s request for compensation, in addition to that explicitly provided in the will, for services rendered in continuing the testator’s business is denied. The will provides a fixed compensation which was accepted by the executrix (Matter of Popp, 123 App. Div. 2; Matter of Matchette, 183 Misc. 228; Matter of Tuttle, 4 N Y 2d 159).
The will makes no attempt to adapt its investment clause to the provisions of section 21 of the Personal Property Law but instead employs the locution “legal investments” in a confusing manner. Ordinarily this expression would be descriptive of securities available to fiduciaries for investment pursuant to statutory authorization, particularly those securities in which investment is authorized by section 21 of the Personal Property Law. Here the testator relates legal investments to “ gilt-edged securities ” and directs that 50% of his estate be invested in such legal investments and the remaining 50% in investments yielding a greater income but involving some degree of risk. This court interprets the investment clause as requiring investment of 50% of any trust corpus in the securities defined in paragraphs (a) to (1), inclusive, of subdivision 1 of section 21 of the Personal Property Law and as permitting the balance of any trust fund to be invested in the discretion of the trustees in the State of New York. The restriction as to investments in this State would not preclude investment in securities traded on the major stock exchanges located here but would forbid investment in a foreign corporation whose securities were not So procurable or investment in a mortgage upon foreign real *151 property. Inasmuch as the investment authority is prefaced by a grant of permission to retain investments of the testator (cf. Personal Property Law, § 21, subd. 6) and also a grant of authority to continue the testator’s business, the later powers of reinvestment are not a restriction upon either the authority to retain investments or the authority to continue the business.
The eleventh article of the will is a direction that all estate taxes be paid as an expense of administration. This article means exactly what it says and requires that, to the extent funds may be available, after payment of administration expenses, debts and taxes, general legacies be paid in full. Estate taxes are to be deducted from the gross estate before the computation of any fractional bequest provided by the will (Matter of Cromwell, 199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681).
The widow queries whether the 1965 amendment to section 15 of the Personal Property Law has conferred upon her a right to elect against the provisions of the will pursuant to section 18 of the Decedent Estate Law. This inquiry is premised upon the fact that the twelfth article of the will contains a prohibition against the assignment of income. The restriction in this article insofar as it pertains to the assignment of income, seems no stronger than the language of section 15 of the Personal Property Law as this statute existed upon the date of the will and the date of the testator’s death. This article of the will seems to have been aimed at the avoidance of levies, executions, attachments or garnishments and the reference to assignment, although superfluous, was included within the scope of this objective. It is to be concluded that, in regard to the assignment of trust income, the will imposed no restriction not otherwise existing in the law at the date of the testator’s death and, this being so, the twelfth article of the will did not give rise to a right of election at the date of the testator’s death or at any time thereafter. The fact that an amendment to the Personal Property Law (L. 1965, eh. 244), effective June 1, 1965, will permit the limited assignment of trust income in excess of $10,000 annually, does not affect the interpretation of the will vis-a-vis section 18 of the Decedent Estate Law. If a particular clause of the will did not constitute a basis for the exercise of the right of election at the testator’s death, a later statutory amendment, not aimed at the creation of such a right, could not have such an incidental effect. The validity of the testamentary provisions and their operative effect as permitting or excluding the right of election must be considered as of the time of the testator’s death.