ESTATE OF SELIGER: BAUMAN, Appellant, v. BASS and others, Defendants: SELIGER (RUTH), Respondent.

*March 29—April 27, 1965.*

324

For the appellant there was a brief by *James E. Shapiro* and *Herbert S. Bratt,* both of Milwaukee, and oral argument by *Mr. Bratt.*

For the respondent there was a brief and oral argument by *Irving Lowe* of Milwaukee.

Currie, C. J.    The motion for review and appeal present these issues:

(1)  Did the trial court exceed its authority and abuse its discretion in extending the time for appeal?

(2)  How are the words "entire estate" contained in the bequest to the widow to be construed?

(3)  Is the widow's one-third bequest inclusive or exclusive of the sum of her widow's allowance?

### *Order Extending Time for Appeal.*

The respondent widow by her motion for review attacks the validity of the county court's order which extended the time within which the appellant Eva Bauman might appeal from the court's order construing the will.

In the first place the validity of the extension order cannot be raised by a motion for review.  This is readily apparent upon reading sec. 274.12 (1), Stats.  The reason is because the motion for review must seek "a reversal or modification of the judgment or order or portion thereof appealed from." Respondent here does not seek any reversal or modification of the order construing the will which appellant has appealed from but a reversal of a subsequent order.  In order to attack this subsequent order it was incumbent upon respondent under sec. 274.12 (4),[1] to separately appeal therefrom which she did not do.

However, the motion for review is dated December 3, 1964, which was well within the thirty-day period from

[1] Sec. 274.12 (4), Stats., provides: "When any respondent desires to review an order, judgment or portion thereof not appealed from, he shall within 30 days after service on him of notice of appeal take and perfect his appeal or be deemed to have waived his right so to appeal."

appellant's perfection of her appeal on November 19, 1964, but the record does not disclose when it was served on other interested parties or their counsel or upon the register in probate. Sec. 274.11 (4), Stats., provides that this court shall have jurisdiction over the subject matter of an action from the time an appealable order is entered. The county court's order of November 4, 1964, extending time to appeal is an appealable order. Therefore, under sec. 269.51 (1),[2] appellant by participating in the appeal and not moving to dismiss the motion for review has waived the right to object to this court passing on the merits of the motion for review which we treat as if it were a properly perfected appeal from the extension order. See *Asen v. Jos. Schlitz Brewing Co.* (1960), 11 Wis. (2d) 594, 106 N. W. (2d) 269.

Passing now to the merits of the extension order, we hold the petitioner's failure to request an extension of time in which to appeal did not render this order invalid. Sec. 324.05, Stats.,[3] provides for two types of relief. We do not deem that the failure of the petitioner to ask for the particular type of relief granted is fatal so long as the verified petition or affidavit upon which the order is entered is sufficient to support the order.

---

[2] Sec. 269.51 (1), Stats., provides: "When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or participating in any other proceedings in said appellate court."

[3] Sec. 324.05, Stats., provides: "If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

Thus the crucial question is whether appellant Bauman's verified petition set forth facts which would warrant the trial court in concluding her failure to appeal from the order construing the will within the sixty-day period allotted by sec. 324.04 (1), Stats., was *without fault* on her part. Paragraph 10 of her petition alleged:

"That your petitioner resides in the State of New Jersey and is unfamiliar with the laws of the State of Wisconsin, and your petitioner personally and through an attorney in the State of New Jersey, has requested her Co-Executors in this matter, to-wit: Bass & Goldstein, (Gerald L. Bass and Bernard Goldstein) to appeal the Order of this Court dated May 22, 1964, and they have failed and refused so to do."

While not any model in preciseness, this paragraph is open to the reasonable interpretation that appellant by reason of her New Jersey residence and the nonco-operation of her coexecutors was unaware during the sixty-day period following the order of May 22, 1964, of the statutory requirement that any appeal had to be taken within such sixty-day period. A further reasonable inference to be drawn is that her request to her coexecutors to appeal from the order occurred during the sixty-day period and their failure to do so absolved her from fault. We conclude that it was not an abuse of discretion for the county court to so interpret the allegations of paragraph 10 of the petition. Cf. *Estate of Baumgarten* (1961), 12 Wis. (2d) 212, 224, 107 N. W. (2d) 169, holding that the statutory words "without fault" are to be liberally construed.

The order extending time to appeal fails to contain any recital or finding that appellant was without fault in failing to appeal within the allotted sixty days. It merely recites that appellant's petition made pursuant to sec. 324.05, Stats., came on for hearing on October 30, 1964; the appearance of the parties at this hearing; and that the court was "duly advised in the premises." Inasmuch as the legislature has not seen

fit to require that an order granting relief under sec. 324.05 contain a recital or finding of no fault on the part of the applicant, this court is not inclined to make such recital or finding an absolute requirement by court decision. Sec. 324.05 is a remedial statute and should be liberally construed to accomplish its objective.

*Construction of Will.*

We turn now to the issues relating to the construction of the will. Clause 1 of the will revoked all prior wills. Clause 2 directed payment of expenses of last illness and funeral expenses as soon as is practical. Clause 3 was entitled, "Bequests to Wife," and provided as follows:

"3 (a). I hereby give, devise and bequeath one-third (⅓) of my entire estate to my wife, Ruth Seliger (nee Glogau), who presently resides at 2021 East Marion Street, Milwaukee 11, Wisconsin.

"3 (b). In computing this one-third devise, my Executors shall take into account and deduct from this devise the clear market value at my death, of any property, either real or personal, passing to my wife, Ruth Seliger, by right of joint tenancy, survivorship, operation of law or any other manner other than by the terms of this Will.

"3(c). In computing this one-third devise, my Executors shall further take into account and deduct the amount of any life insurance proceeds which my wife shall receive by reason of my death, from any life insurance policies which I owned during my lifetime.

"3 (d). The specific property to pass under this devise shall be determined by my Executors, and their decision as to such property shall be final and binding upon all parties having a beneficial interest under this Will.

"3 (e). The market value determinations provided for in this Paragraph shall be in accordance with the determination of values by the Court appointed appraisers in my estate or by independent professional appraisal, in the absolute

discretion of my Executors. The cost of any appraisal so made shall be paid for out of my residual estate.

"3 (f). I further give, devise and bequeath unto my wife, in addition to the devise provided for above, the automobile which I shall own at the time of my death, upon the express condition precedent that if said automobile shall not be fully paid for, that my wife shall assume the obligation of paying any installment payments or balance owed on said automobile.

"3 (g). If my wife, Ruth Seliger, predeceases me, the devises made in this Paragraph shall be inoperative, and said devises shall become a part of and be disposed of in accordance with the terms of the trust hereinafter created as my residual estate."

The first problem that arises is with respect to interpretation of the words "entire estate." Do they mean gross estate before any deductions for debts, expenses of last illness, funeral expenses, administration expenses and amount paid as widow's allowance, or do they mean net estate after deducting these items? The county court interpreted "entire estate" to be the equivalent of gross estate before making any deductions. No evidence extraneous to the will was adduced which throws any light upon the intention of the testator in using this phrase "entire estate."

The learned trial court in its memorandum decision pointed out that there was no case law which was helpful in arriving at a solution. The trial court, therefore, turned to Webster's Third New International Dictionary definition of the word "entire" as meaning "whole, undiminished, unimpaired." We likewise have received little assistance from the case law with the single exception of the New Jersey case of *Smith v. Terry* (1888), 43 N. J. Eq. 659, 12 Atl. 204. In that case testatrix included the following bequest in her will, "I give to my . . . daughter . . . the interest of the equal undivided one-sixth interest, part or portion of my whole estate . . ." The court construed "whole estate" to mean the property in the estate

which was left after payment of debts and administration expenses. In its opinion the court stated (at p. 666) :

"The question is whether the one-sixth interest is the proportion of the entire amount of the property of the testatrix without any deduction for debts, or is that part of the property of the testatrix after such deduction. The expression, 'my whole estate,' without any other words in the will modifying its meaning, I think, would signify the property which would be left for distribution after the payment of the debts of the decedent and the expenses of administration. Unless words or phrases used in a will have a legal signification arising from judicial or legislative construction, they should receive that interpretation which they would impart to the ordinary mind.

"A man's estate means what he is worth in property, and that is the value of his property over and above his liabilities. When a man is spoken of as leaving an estate of a particular amount, that is the sense in which it is meant."

We do not believe that the ordinary person who provides in his will that a legatee receive a fraction of his estate contemplates that such computation is to be made before deduction of liabilities. We do not consider that a different result is intended by employing such phrases as "entire estate" and "whole estate." We conclude, therefore, that respondent widow's one-third share is to be computed upon the net estate after deduction of all liabilities and expenses. Whether the $3,750 widow's allowance is also to be deducted is dependent on whether her one third is to be exclusive or inclusive of that amount. Testator at time of death had no life insurance payable to his widow and owned no property in joint tenancy with her. If there had been any such life insurance or property held in joint tenancy with her, the value of the same would have had to have been added to the net estate in making this computation in view of the wording of paragraphs 3 (b) and 3 (c) of the will. While the amount of the widow's allowance would be deductible in arriving at

the net estate to be distributed, it would have to be added back in to compute the widow's one-third bequest, if the amount thereof is chargeable to the widow as part of her bequest.

Whether respondent widow's one-third bequest is inclusive or exclusive of the $3,750 widow's allowance is dependent upon whether such allowance is "property . . . passing to my wife, Ruth Seliger, by . . . operation of law or any other manner other than by the terms of this will" under the wording of paragraph 3 (b) of the will.

In *Deller v. Deller* (1910), 141 Wis. 255, 124 N. W. 278, a widow had entered into an antenuptial agreement with the deceased testator whereby she agreed to accept $5,000 out of his estate "in lieu of all right, title, and interest which she would have by law in the said estate." This court held that this language was sufficient to bar the widow from any statutory widow's allowance and in its opinion stated (at p. 264) :

"When she asks that a very considerable sum of money be paid her [for widow's allowance], which can only be paid by turning over a portion of the estate, or of the proceeds derived from the sale thereof, a claim is necessarily made to a share of the estate."

A majority of the court consisting of Mr. Justice GORDON, Mr. Justice BEILFUSS, Mr. Justice HEFFERNAN and the writer of this opinion conclude under this holding that payment of a widow's allowance in the instant case constitutes payment of a portion of the personal property of the estate within the meaning of paragraph 3 (b). *Estate of Beat* (1964), 25 Wis. (2d) 315, 130 N. W. (2d) 739, is distinguishable because there the widow under the postnuptial agreement did not release all her right to her husband's estate, but only as to property "owned by Roy Beat at the time of their marriage."

The majority further deem it immaterial whether a widow's allowance is technically received "by operation of law." If not so qualifying because it is not usually granted except on a petition by or in behalf of the widow, it is property received by her "other than by terms of the will." We attach no significance to the phrase "clear market value" appearing in paragraph 3 (b). While it may be argued that this phrase has reference to particular identifiable property, we think it was used because of the reference to possible property held in joint tenancy by the deceased and respondent. Thus the majority concludes that the $3,750 of widow's allowance is to be included in computing the widow's bequest, and, therefore, such bequest is not exclusive of the allowance.

Mr. Justice FAIRCHILD, Mr. Justice HALLOWS, and Mr. Justice WILKIE would hold that the widow's allowance does not constitute "property" within the meaning of paragraph 3 (b). Therefore, they would compute the respondent widow's one-third bequest upon the net estate after having deducted the widow's allowance, which bequest she would receive in addition to her widow's allowance.

*By the Court.*—Order reversed, and cause remanded for the entry of a proper order construing Clause 3 of the will which is consistent with this opinion.