104 N.J. Super. 324 (1969)
250 A.2d 35
IN THE MATTER OF THE ESTATE OF FRANK G. THOMPSON, DECEASED,
HELEN LAPP THOMPSON, PLAINTIFF-APPELLANT,
v.
NATIONAL NEWARK AND ESSEX BANK, AS EXECUTOR AND TRUSTEE OF THE ESTATE OF FRANK G. THOMPSON, DECEASED, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 20, 1969.
Decided February 4, 1969.
*325 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Philip J. Mylod argued the cause for appellant (Messrs. Mylod and Feinberg, attorneys).
*326 Mr. Geoffrey Gaulkin argued the cause for respondent (Mr. Samuel R. Kirschner, attorney; Messrs. Frohling & Gaulkin, of counsel).
The opinion of the court was delivered by KILKENNY, J.A.D.
This will construction case is before us for the second time. The paragraph in issue in the will provided a bequest in favor of testator's widow of "an amount equal to fifty percent of my entire estate."
On the prior occasion we were asked to decide whether calculation of the 50% was to be based upon the value of the estate as of June 13, 1960 when decedent died, or its increased value in 1966 when distribution was to be made. We decided that the amount was to be calculated according to the value "at the time of death and without regard to the appreciation in value between the date of death and the date of distribution." In re Thompson, 90 N.J. Super. 350, 355 (App. Div. 1966). No appeal was taken from that determination.
In this second action brought on behalf of the widow, the County Court was asked to determine, with reference to the quoted clause first mentioned above, whether "entire estate" meant decedent's gross estate, before payment of debts, funeral expenses and administration costs, or his net estate, after payment of those items. (The parties conceded that by virtue of another provision of the will taxes are not to be deducted before computing the widow's share.) Judge Yancey concluded that in calculating the amount of money due plaintiff widow under the particular paragraph, the "entire estate" for this purpose means "the net probate estate, valued at the time of death after payment of testator's debts, funeral expenses and administration expenses."
Plaintiff appeals, among other things, from the judgment so holding. We affirm the judgment essentially for the reasons expressed by Judge Yancey in his opinion. In further support of the interpretation of "estate" as meaning the "net," rather than the "gross," estate, see 5 N.J. Practice *327 (Clapp, Wills and Administration) (3d ed. 1962), § 226, pp. 383-84; In re Wolosin's Will, 41 Misc.2d 582, 245 N.Y.S.2d 923 (Surr. Ct. 1964); In re Seliger's Estate, 27 Wis.2d 323, 134 N.W.2d 447, 452 (Wis. Sup. Ct. 1965). In the last-mentioned case the court found that a provision in decedent's will giving to his widow one-third of his "entire estate" meant that the share was to be computed on the "net estate" after deduction of all liabilities and expenses.
Plaintiff next claims that she was entitled to interest on the legacy bequeathed to her, at least at 3% either from June 13, 1965, five years after her husband's death, or from the date of her demand, May 17, 1966, following the rendition of our prior opinion.
As defendant properly points out in its brief, there are two simple answers to this contention. First, plaintiff had received a total of $194,993.26 on or before August 25, 1964, well before the date on which the last of the five annual payments was due. As of November 17, 1967, the net probate estate, computed in the manner stated above by the trial court, amounted to $388,833.73. Plaintiff's legacy of "an amount equal to fifty percent" of that net probate estate was the sum of $194,416.86. Obviously, therefore, plaintiff has in fact received $576.40 more than she was entitled to receive under paragraph "Fifteenth." Since there was no balance of the legacy withheld from her upon the date it was due, she was not entitled to interest.
The second answer lies in the fact that plaintiff was entitled under the terms of the will to the entire net income of that portion of the estate which was set up in trust, and she received that entire net income. If she had received, or was entitled to receive interest, it would have represented a deduction from the net income, unless the trustee were surcharged therefore, and no just ground for doing so is made to appear. In effect, therefore, she has received in the form of income what she now claims she was entitled to receive in the form of interest. Clearly, she has not been aggrieved *328 nor has she suffered any loss. Accordingly, the trial court properly denied her claim of interest.
Plaintiff widow's final contention is that, under paragraph "Fifteenth" of her late husband's will, she is entitled to reimbursement for hospital and medical bills paid by her for the care of her mother, as well as for the funeral expenses incurred by her upon her mother's death. The hospital and medical bills amounted to $9087.93 and the burial expenses were $2315.42, thus making a total of $11,403.35. Her mother, Louisa Lapp, left little or no estate.
Paragraph "Fifteenth" gave the residuary estate to defendant bank as trustee, subject to the provisions set forth therein. The trustee was directed to pay the net income to testator's wife, in monthly installments, during her life. Testator's mother-in-law, Louisa Lapp, was to receive the net income during her lifetime, if she survived decedent's wife. Since Louisa Lapp predeceased the widow, she never became entitled to the net income. But plaintiff relies upon this further provision:
"In addition to the payment of the net income from this trust, my Trustee may at any time and from time to time pay over to my wife, Helen Lapp Thompson, or my mother-in-law, Louisa Lapp, as the case may be, so much of the corpus of said trust as my Trustee, in its sole discretion, may deem advisable to maintain the standard of living to which they were accustomed during my lifetime or to satisfy emergency expenses that may be incurred by them by reason of illness or otherwise." (Emphasis added)
Plaintiff relies upon In re Gatehouse's Will, 127 N.Y.S.2d 697 (Surr. Ct. 1953). The question there was whether the trustees, under a discretionary power to invade corpus, were required to pay to the executrix of the estate of testator's widow the hospital and medical expenses of the widow's last illness and her funeral bill. The court ruled that the hospital and medical expenses were payable out of the principal of the trust. But in that case the will expressly directed payment of "all necessary expenses for hospital or medical attention or other extraordinary expenses that may be necessary *329 for the care and comfort of my wife." However, the funeral expenses were disallowed because they were not authorized by the will and the widow had left an estate of her own more than sufficient for that purpose.
The instant case is readily distinguishable. Here, there was no direction to pay these expenses; the matter was left to the "sole discretion" of the trustee. Here, the widow was generously left a very substantial sum absolutely, both by the will and insurance proceeds, and the income from the residuary estate as long as she lived. There was no abuse or mistaken exercise of discretion by the trustee in declining to reimburse the daughter for expenses incurred by her for the hospital and medical care of her mother, or for the later funeral expenses in providing an appropriate burial of her own mother. She had ample funds of her own to assume these filial responsibilities. See Sibson v. First Nat. Bank and Trust Co. of Paulsboro, 64 N.J. Super. 225 (App. Div. 1960).
The judgment under review is in all respects affirmed.